UNITED STATES of America

v.

David FARLEY.

Crim. A. No. 90–00283.

United States District Court,
E.D. Pennsylvania.

April 5, 1991.

Karl Lunkenheimer, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Guy Sciolla, Philadelphia, Pa., for defendant.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

Defendant Farley has filed post-trial motions with a supporting memorandum of law for arrest of judgment or alternatively a new trial. The government has submitted a brief in opposition to these motions as well as exhibits and an affidavit. The court heard further testimony and arguments on the motions at a February 8,

1991, hearing in Easton, Pennsylvania. For the following reasons, defendant's motions are denied.

After a nine-day trial ending on November 1, 1990, a jury found defendant guilty on one count each of attempt to distribute P–2–P, attempt to manufacture methamphetamine, attempt to distribute methamphetamine, 21 U.S.C. § 841(a)(1); three counts of using a firearm in relation to commission of a drug trafficking crime, 18 U.S.C. § 924(c)(1); one count of delivering a firearm to a convicted felon, 18 U.S.C. § 922(d)(1); three counts of "money laundering", 18 U.S.C. § 1956(a)(1)(B)(i); and, one count of Hobbs Act robbery, 18 U.S.C. § 1951(a). Defendant bases his post-trial motions on the following arguments. As to the seven drug and firearm offenses, defendant asserts that he was entrapped as a matter of law and that the government's conduct violated principles of due process. As to the remaining money laundering and Hobbs Act convictions, defendant contends there was insufficient evidence on each count to prove the element of affecting interstate commerce. As to all counts generally, defendant argues the prosecutor knowingly allowed three witnesses to present misleading testimony about the length of prison time two government informants, by the name of Reicherter, could possibly serve, thereby enhancing the informants' credibility in front of the jury and depriving defendant of his due process rights. We shall address each argument in turn.

 Defendant's allegations of prosecutorial misconduct and resulting denial of due process find no support in the record before the court.[1] Defendant argues in his brief and at the hearing that contrary to trial testimony suggesting George Reicherter faced possible prison sentences to-

taling thirty years, the prosecutor had already negotiated an agreement with George Reicherter limiting his exposure to ten years. Defendant, however, has not submitted any affidavits or elicited any testimony to demonstrate that a plea agreement was reached with George Reicherter before he testified on behalf of the government at defendant's trial.[2]

 In contrast to defense counsel's bald accusations, the government has filed a transcript of George Reicherter's Change of Plea on November 5, 1990, a copy of the plea agreement, and an affidavit from the person who authorized the terms of George Reicherter's plea agreement, the United States Attorney's Chief of the Criminal Division for the Eastern District of Pennsylvania. The affidavit unequivocally establishes that no agreement existed between the government and George Reicherter before he testified at defendant's trial. The burden of showing essential unfairness of a trial must "be sustained by him who claims such injustice and seeks to have the result set aside, and it must be sustained not as a matter of speculation but as a demonstrable reality." *United States ex rel Darcy v. Handy*, 351 U.S. 454, 462, 76 S.Ct. 965, 970, 100 L.Ed. 1331 (1956) (quoting *Adams v. United States ex rel McCann*, 317 U.S. 269, 281, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)). Allegations unsupported by evidence do not entitle defendant to an arrest of judgment or a new trial. *See U.S. v. Maker*, 700 F.Supp. 275 (W.D.Pa.1988).

 Likewise, defendant's insufficient evidence argument flies in the face of the record. Without citing to any cases or to any portions of the transcript, counsel merely says the interstate commerce elements of the money laundering and Hobbs

---

**1.** The defendant was a Philadelphia police officer and extensive tape recorded evidence at trial established, beyond question, that the defendant had a substantial part in a scheme to distribute P–2–P and manufacture and distribute methamphetamine. Defendant's conversations were with two government informants, George Reicherter and Susan Reicherter. The defendant was armed during his participation and furnished a firearm to George Reicherter.

**2.** At the hearing on the motions, defense counsel called two witnesses, examined them at length, and cross-examined the Assistant United States Attorney who prosecuted defendant. None of this testimony yielded proof of any pre-existing or on-going agreement between the Reicherters and the government. *See generally,* Transcript of February 12, 1991 Hearing.

Act offenses were not proven beyond a reasonable doubt. Perhaps counsel did not refer to the trial transcript because it contained the requisite references to an effect on interstate commerce. The evidence at trial showed on three prior occasions the defendant received for safekeeping large sums of drug money from George Reicherter, money obtained from drug deals involving interstate commerce. (*See* Trial Transcript, pp. 13–14, 92–93, October 30, 1990 testimony of G. Reicherter). As to the Hobbs Act offense, the evidence was that a jeweler from whom the defendant unlawfully stole property during a 1989 police search was actively engaged in interstate commerce. (*See* Trial Transcript, pp. 59, 70–71, October 30, 1990 testimony of A. Sutton). To satisfy the "effect on interstate commerce" element of a Hobbs Act violation, the Third Circuit has required only a de minimis showing of a reasonably probable effect. *United States v. Cerilli,* 603 F.2d 415, 424 (3d Cir.1979), *cert. denied,* 444 U.S. 1043, 100 S.Ct. 728, 62 L.Ed.2d 728 (1980). Viewing the evidence in the light most favorable to the government, *United States v. Pungitore,* 910 F.2d 1084 (3d Cir.1990), we find the government carried its burden on the interstate commerce elements of the money laundering and Hobbs Act crimes.

■ Defendant's remaining argument, applicable to only seven counts of defendant's eleven-count conviction, is entrapment as a matter of law. Defendant testi-

fied at trial that the incriminating conversations with the Reicherters and his illegal actions, including the furnishing of a firearm to a convicted felon, were part of defendant's personal, secret undercover police plan to catch drug traffickers like the Reicherters.[3] (*See* Trial Transcript, p. 218, October 31, 1990 testimony of D. Farley; pp. 10–11, November 1, 1990 testimony of D. Farley). Inconsistent with his testimony, but nonetheless permissible, defendant also requested a jury charge on entrapment.[4] Recognizing that the question of entrapment should be resolved by the jury, not by the court, *Matthews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988), the court granted defendant's request and properly charged the jury on the defense of entrapment.[5] In finding defendant guilty, the jury implicitly rejected the defendant's defense that he was somehow entrapped while conducting his own investigation. Defendant now argues that no reasonable jury could have found defendant "ready and willing" to commit crimes. (Defendant's Brief at 1). Rather, defendant claims, the government induced defendant to participate in the drug activities.[6]

■ While defendant may have met the evidentiary requirements entitling him to an entrapment instruction, the record does not support a finding of entrapment as a matter of law. Only "[w]here the evidence is *undisputed* that the defendant had no predisposition to commit the crimes with

---

**3.** This plan, incidentally, flew in the face of common sense and established police procedures.

**4.** In *Matthews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), the U.S. Supreme Court quoted the Ninth Circuit's observation:

> Of course, it is very unlikely that the defendant will be able to prove entrapment without testifying and, in the course of testifying, without admitting that he did the acts charged.... When he takes the stand, the defendant forfeits his right to remain silent, subjects himself to all the rigors of cross-examination, including impeachment, and exposes himself to prosecution for perjury. Inconsistent testimony by the defendant seriously impairs and potentially destroys his credibility. While we hold that a defendant may

both deny the acts and other elements necessary to constitute the crime charged and at the same time claim entrapment, the high risks to him make it unlikely as a strategic matter that he will choose to do so.

*Matthews* at 65–66, 108 S.Ct. at 888 (quoting *United States v. Demma,* 523 F.2d 981, 985 (9th Cir.1975)).

Defendant must abide by the consequences of his strategic decision.

**5.** Defendant does not challenge the jury instructions.

**6.** The government's conduct in this case does not merit consideration as a separate ground for arrest of judgment. Suffice to say it in no way provokes the outrage that prompted the Third Circuit's decision in *United States v. Twigg,* 588 F.2d 373 (3d Cir.1978).

**464**

which he is charged, and was induced to do so only by the trickery, persuasion or fraud of the government" is entrapment established as a matter of law. *United States v. Gambino*, 788 F.2d 938, 944 (3d Cir.1986) (emphasis added). Government inducement alone does not suffice to prove entrapment as a matter of law. *Id.* "Rather, the key consideration upon review is whether the undisputed evidence shows a lack of predisposition on the part of the accused." *Id.* (citing *Hampton v. United States*, 425 U.S. 484, 488, 96 S.Ct. 1646, 1649, 48 L.Ed.2d 113 (1976)).

■ As the foregoing principles make clear, defendants are only entitled to a finding of entrapment as a matter of law on the basis of *undisputed* evidence showing no predisposition. Evidence of predisposition can be disputed "if the determination depends upon the credibility of witnesses or the interpretation of the evidence." *Gambino* at 944. This precisely describes the evidence of predisposition that was presented at defendant's trial. The government played hour upon hour of tape recorded conversations in which defendant bragged about his past criminal activity and suggested ways to best commit the crimes he planned with the Reicherters. (*See, e.g.,* Transcript Book of Tapes Played at Trial, Tab 2, pp. 52–54; Tab 7, pp. 12–13, 17, 22; Tab 10, pp. 1–14; Tab 11, pp. 10–14, 33–35; Tab 16, p. 9). Given the content of these recordings, defendant cannot successfully claim he was entrapped as a matter of law. Furthermore, in view of the defendant's trial testimony that it was he who was trying to get the informants to commit crimes so he could arrest them, the claim of entrapment as a matter of law borders on the frivolous.

Accordingly, defendant's post-trial motions must be denied.