**UNITED STATES of America**

v.

**David FARLEY.**

**Criminal No. 90–00283–01.**

United States District Court,
E.D. Pennsylvania.

July 15, 1997.

Karl Lunkenheimer, Assistant U.S. Attorney, Philadelphia, PA, for government.

David Farley, Fort Dix, NJ, pro se.

Pamela W. Higgins, Guy R. Sciolla, Joseph McGill, Philadelphia, PA, for defendant.

### OPINION AND ORDER

VAN ANTWERPEN, District Judge.

Defendant, David Farley, is a sentenced prisoner in federal custody who has filed a *pro se* Petition for Issuance of Writ of Error Coram Nobis Under 28 U.S.C. § 1651 and Motion Pursuant to Rule 52(b) Federal Rules of Criminal Procedure (Plain Error) filed July 10, 1997. As a threshold matter, we note that the defendant has filed at least two prior motions under 28 U.S.C. § 2255 and we do not believe the defendant can circumvent the certification requirements for second or successive motions under 28 U.S.C. § 2244 by merely labeling his motion as a petition for a writ of error coram nobis.

This matter has been extensively litigated. We previously denied post-trial motions for arrest of judgment or new trial in *United States v. Farley,* 760 F.Supp. 461 (E.D.Pa. 1991). The Third Circuit affirmed defendant's conviction in *United States v. Farley,* 947 F.2d 937 (1991). Defendant filed a motion to amend or alter judgment and two prior motions under 28 U.S.C. § 2255. We denied these motions on September 13, 1994, August 22, 1994 and March 1, 1995, respectively. Our 1995 ruling was affirmed by the Third Circuit in *United States v. Farley,* 68 F.3d 457 (1995). Defendant filed another action under 28 U.S.C. § 2255 and we granted limited post-trial relief in *United States v. Farley,* Cr. No. 90–00283–01, Civ. A. No. 95–6716, 1996 WL 20661 (E.D.Pa. Jan.12, 1996), which was affirmed on appeal at 92 F.3d 1173 (1996). Defendant filed an unsuccessful civil action in this court against the Philadelphia police officers who arrested him. *Farley v. The City of Phila., et al.,* Civ. A. No. 90–6580.

The writ of coram nobis is a long standing common law writ which in Federal Court emanates from the All Writs Act, 28 U.S.C. § 1651(a) originating with the Judiciary Act of 1789. The Supreme Court explained the effect of the writ in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). They noted that "in behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." *Id.* at 505, 74 S.Ct. at 249. Nevertheless, as the Supreme Court said in *Carlisle v. United States:*

> [t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

*Carlisle,* —— U.S. ——, ——, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996), *citing Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985).

■ Coram nobis is not available to a petitioner in federal custody because relief is available by way of 28 U.S.C. § 2255. *United States v. Kindle,* 88 F.3d 535, 536 (8th Cir.1996); 3 Charles A. Wright, *Federal Practice and Procedure* § 592 (1982) ("Coram nobis is unnecessary, and will not lie, if the defendant has a remedy available under § 2255.")

The Third Circuit elaborated on the use of the writ of coram nobis in *United States v. Stoneman,* 870 F.2d 102 (3d Cir.), *cert. denied,* 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989). They noted that the writ is usually used in the modern sense to "attack allegedly invalid convictions which have continuing consequences." *Id.* at 105. Nevertheless, the *Stoneman* court also reiterated that the writ "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for the purposes of 28 U.S.C. § 2255." *Id.* at 106. "Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." *Stoneman,* 870 F.2d at 106 *citing United States v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). *See also United States v. Cariola,* 323 F.2d 180, 184 (3d Cir.1963); *Clark v. United States,*

370 F.Supp. 92, 94 (E.D.Pa.), *aff'd,* 506 F.2d 1050 (3d Cir.1974).

On April 24, 1996, the Anti–Terrorism and Effective Death Penalty Act of 1996 ("the Act"), was signed into law. Among myriad other changes, the Act altered the method by which prisoners may obtain relief pursuant to 28 U.S.C. § 2255 when their current application is their second or subsequent motion. Specifically, the Act stated that before such a second or subsequent motion could be considered by the district court, it must be certified by the appropriate court of appeals to contain, "1. newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.; or 2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Anti–Terrorism and Effective Death Penalty Act of 1996, Pub. l. 104–132, Title I, § 105, 110 Stat. 1220, April 24, 1996.

To be sure, the Act limits the ability of a petitioner to obtain relief in later Section 2255 motions and encourages all petitioners to include all of their claims of error in their first motion. For this reason, given the broad purpose of the Act, it would be astounding if it could be rendered wholly ineffective by the simple ruse of labeling future § 2255 motions as petitions for writs of coràm nobis. In *Carlisle,* the petitioner was well beyond the time limit for relief under post trial motions. Nevertheless, the petitioner was not entitled to relief under coram nobis because the Rules of Criminal Procedure *addressed* the particular issue at hand. *Carlisle,* —— U.S. at ——, 116 S.Ct. at 1467. The court did not say that the petitioner was not entitled to relief under coram nobis because the Rules of Criminal Procedure *provided relief* for the particular issue at hand.

We find persuasive the language of the District Court in *Bennett v. United States,* No. 87 CR 874, 1997 WL 285987 (N.D.Ill. May 22, 1997), which held that § 2255 relief is not unavailable, as would be required to obtain coram nobis relief, to a defendant who cannot make a showing sufficient to file suc-

cessive § 2255 motions. " § 2255 is not unavailable ... it just offers ... no relief." *Id.* at *2. We have gone over the defendant's petition and motion and cannot find sufficient reason or excuse for his failure to raise these issues on numerous prior occasions. Indeed, on page 16 of defendant's Brief, he acknowledges that he "has been to this court before." He assumes that relief coram nobis is a matter of right because of the "recent amendments to § 2255." Defendant also assumes that plain error can be raised at any time by coram nobis which is contrary to the holding in *Carlisle.* Accordingly, defendant's petition and motion will be denied without prejudice to his right to proceed by way of 28 U.S.C. § 2255.

An appropriate order follows.

### *ORDER*

AND NOW, this 15th day of July, 1997, consistent with the foregoing Opinion, it is hereby **ORDERED** that defendant's Petition for Issuance of Writ of Error Coram Nobis Under 28 U.S.C. § 1651 and Motion Pursuant to Rule 52(b) Federal Rules of Criminal Procedure (Plain Error) filed July 10, 1997 is **DENIED WITHOUT PREJUDICE** to defendant's right to refile said motion in proper form in accordance with 28 U.S.C. § 2255.