James A. WILLIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 80–1591.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1981.

Decided July 22, 1981.

Ronald S. Reed, Jr., U. S. Atty., W. D. Missouri, Grover G. Hankins, Atty., U. S. Dept. of Justice (argued), Kansas City, Mo., for appellee.

Arthur A. Benson II, Kansas City, Mo., for appellant.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

James A. Willis appeals from the district court's[1] denial of his request for a writ of error coram nobis under 28 U.S.C. § 1651(a). We affirm.

Appellant was indicted on October 7, 1971 (indictment No. 23577–2) on one count of interstate transportation of women for prostitution, in violation of 18 U.S.C. § 2421, and one count of interstate transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952. The § 1952 count included a list of the Missouri laws Willis' activity allegedly violated. Due to a typographical error one of the statutory section numbers was incorrect. When this error was discovered, the government voluntarily dismissed the first indictment and sought and obtained a second indictment (No. 23770–2, April 6, 1972) from a new grand jury. The second indictment was identical to the first in all material respects; the typographical error was corrected. Willis was convicted on both counts on July 5, 1972.[2]

On October 17, 1974 appellant sought relief under 28 U.S.C. § 2255, alleging that the second indictment had been returned by the grand jury without any evidence having been presented. In response, the government produced the affidavit of FBI Agent Michael Jeweler, stating that he had testi-

---

1. The Honorable Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

2. Willis was sentenced to five years imprisonment. He has now served that sentence.

fied before the grand jury regarding the Willis case on April 6, 1972. The government also produced grand jury minutes listing Jeweler as a witness before the grand jury on that day. The district court[3] concluded that this was sufficient proof that some evidence had been presented to the grand jury and, accordingly, denied the petition for § 2255 relief.[4]

Appellant petitioned for a writ of error coram nobis on March 9, 1979. He again alleged that the indictment was defective because no evidence had been presented to the second grand jury. The district court denied relief on the alternative grounds that (1) the validity of the indictment, previously litigated under 28 U.S.C. § 2255, could not be relitigated; and (2) appellant waived his claim of error by failing to raise the issue prior to trial, pursuant to Fed.R.Crim.P. 12(b)(2).

In preparation for this appeal, appellant sought grand jury documents relating to the second indictment. The district court[5] ordered the government to produce grand jury minutes and transcripts then in its possession. The sole item produced was a transcript of grand jury testimony bearing the date of February 25, 1970, i. e., prior to the first indictment. The government stated that this was the only transcript in its possession.

Appellant contends that the district court erred in refusing his claim on the ground that the question had previously been fully litigated in the § 2255 proceeding. Willis argues that, given ambiguities in the record as to what testimony was given and what transcripts of this testimony exist, he was entitled to have the court give plenary consideration to his claim. He alleges that it was an abuse of discretion for the district court to refuse to consider the issue on the merits.

We agree with the district court that appellant has made no showing warranting reconsideration of his claim. Appellant's theory that the second indictment was void because based upon *no* evidence was fully explored in the § 2255 proceeding. The district court there found the affidavit of Agent Jeweler and the minutes of the grand jury sufficient to establish that the indictment was based upon *some* evidence. In the absence of credible new evidence or a change of law appellant is not entitled to another review of that issue. *Gajewski v. United States*, 368 F.2d 533, 534–35 (8th Cir. 1966), *cert. denied*, 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967); *Azzone v. United States*, 341 F.2d 417, 419–20 (8th Cir.), *cert. denied*, 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706 (1965).[6]

In any event, appellant has not shown that he is entitled to coram nobis relief on the merits of his claim. The writ of error coram nobis is an extraordinary remedy designed to correct errors of a fundamental nature. *United States v. Morgan*, 346 U.S. 502, 511–12, 74 S.Ct. 247, 252–53, 98 L.Ed. 248 (1954); *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974); *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966), *cert. denied*, 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967). "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this [writ] only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511, 74 S.Ct. at 252.

The burden is on appellant to prove that some fundamental error was committed. *Id.* at 512. Willis' argument that a negative inference should be drawn from the fact that the government does not now have in its possession transcripts of 1972

---

3. The Honorable William R. Collinson, United States Senior District Judge for the Eastern and Western Districts of Missouri.

4. It appears from the record before us that no appeal was taken from the denial of § 2255 relief.

5. The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.

6. Because we find this ground sufficient to dispose of this appeal, we do not reach the district court's alternative holding based on a theory of waiver.

grand jury testimony is not sufficient to carry this burden. *Gajewski*, 368 F.2d at 534–35; *Azzone*, 341 F.2d at 419–20. Appellant has not shown that justice requires coram nobis relief.

*After careful consideration of the briefs and record, we find appellant's claim to be without merit. The judgment of the district court is affirmed.*