Rickie S. ZABEL, Appellant,

v.

UNITED STATES ATTORNEY, Appellee.

No. 87–5143.

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 1987.

Decided Sept. 16, 1987.

Rickie S. Zabel, pro se.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D. for U.S. Atty.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, S.D. for The State of S.D.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Rickie S. Zabel, a federal prisoner incarcerated at the FCI–El Reno in Oklahoma, appeals pro se from a final order entered in the District Court[1] for the District of South Dakota dismissing his petition for post-conviction relief and his subsequent motion to alter or amend the judgment. For the reasons discussed below, we affirm.

Appellant is currently serving two concurrent ten-year sentences for interstate transportation of stolen food stamps.[2] His petition was submitted on a form provided

---

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

2. This court affirmed these convictions in *United States v. Zabel*, 702 F.2d 704 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983), and has subsequently affirmed the denial of his previous 28 U.S.C. § 2255 petition,

*United States v. Zabel*, 767 F.2d 928 (8th Cir. 1985) (unpublished per curiam), and the denial of his motion to correct alleged errors in his presentence investigation report, *Zabel v. Ulrich*, 786 F.2d 1171 (8th Cir.1986) (unpublished per curiam).

for 28 U.S.C. § 2254 petitions. He challenged the constitutional validity of two 1976 South Dakota convictions for burglary and perjury and alleged (1) the district court improperly relied on these convictions to enhance the federal sentences he is presently serving, (2) the United States Parole Commission (the commission) improperly relied on these convictions to calculate his parole eligibility, and (3) the convictions prevented him from testifying on his own behalf at his federal trial. Appellant's petition named the state of South Dakota and the United States Attorney for the District of South Dakota as respondents.

The district court construed the petition as a 28 U.S.C. § 2255 petition to vacate, set aside or correct his federal sentences. As to appellant's claim that the allegedly unconstitutional state convictions were used to enhance his federal sentences, the district court stated: "I can state unequivocally as the sentencing judge that [appellant] would have received exactly the same sentence without the challenged prior convictions." *Zabel v. United States Attorney,* No. 85–4246, slip op. at 3 (D.S.D. Sept. 11, 1986) (memorandum and order). The district court also rejected appellant's claim that the commission improperly computed his parole eligibility based on the allegedly unconstitutional state convictions. *Id.* at 4.

Appellant filed a timely motion to alter or amend, alleging that the district court failed to address his claim that the allegedly unconstitutional state convictions prevented him from testifying on his own behalf at his federal trial. The district court denied the motion, finding that there was no possibility that appellant's testimony could have affected the outcome of the trial in light of the overwhelming evidence against him. This appeal followed.

■ Contrary to appellant's argument that his pleadings constituted a petition for writ of error coram nobis, the district court properly construed his pleadings as a 28 U.S.C. § 2255 petition. "Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack." *United States v. Little,* 608 F.2d 296, 299 n. 5 (8th Cir.1979) (citations omitted) (pleadings denominated as coram nobis petition properly construed as 28 U.S.C. § 2255 petition), *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980). Further, the remedies under § 2255 and coram nobis are substantially equivalent. *Id.*

■ A federal prisoner is entitled to resentencing if the district court relies on prior unconstitutional state convictions to enhance a federal sentence. *See United States v. Tucker,* 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972). Appellant contends that the district court relied on the allegedly unconstitutional state convictions to enhance his federal sentences for interstate transportation of stolen food stamps. The district court, however, disavowed any such reliance, noting that appellant had been convicted of at least three other felonies and had admitted responsibility for or involvement in 81 additional crimes for which he had not been prosecuted. The district court expressly stated that it would have imposed the same sentence regardless of the challenged state convictions. Under these circumstances, even if we assume for purposes of analysis that the challenged state convictions are unconstitutional, appellant is not entitled to resentencing. "[A] defendant has no right to be resentenced if the sentencing judge expressly states that [he or] she did not rely upon the challenged information in sentencing." *United States v. Fahnbulleh,* 796 F.2d 239, 240 (8th Cir.1986) (per curiam).

■ Appellant next argues that the commission improperly relied on the allegedly unconstitutional state convictions in applying the parole guidelines. This claim challenges the execution rather than the validity of his federal sentences. Such a challenge is cognizable only as a habeas corpus petition under 28 U.S.C. § 2241 and must be brought in the district of confinement. *See United States v. Leath,* 711 F.2d 119, 120 (8th Cir.1983) (challenge to parole classification). Because appellant is currently incarcerated at the FCI–El Reno in Okla-

**18**

homa, the district court in South Dakota did not have jurisdiction over this claim.

■ Appellant's final argument is that the allegedly unconstitutional state convictions prevented him from testifying on his own behalf at his federal trial. In this § 2255 challenge, he may obtain relief only if his inability to testify constituted "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *see, e.g., Poor Thunder v. United States*, 810 F.2d 817, 821–22 (8th Cir.1987).[3] The district court, however, found that there was no possibility that appellant's testimony could have affected the outcome of his trial because there was overwhelming evidence against him. *Cf. United States v. Zabel*, 702 F.2d 704, 706–07 (8th Cir.) (affirming convictions on direct appeal), *cert. denied*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983). In light of this finding, the district court properly rejected this claim.

Accordingly, we affirm the order of the district court.

---

**3.** Even if the pleadings were construed as a petition for a writ of coram nobis, appellant would have to show "errors of a fundamental nature" to merit relief. *See Willis v. United States*, 654 F.2d 23, 24 (8th Cir.1981) (per cu-

riam). A petitioner is entitled to coram nobis relief " 'only under circumstances compelling such action to achieve justice.' " *Id., citing United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954).