914 F.2d 249
 17 Fed.R.Serv.3d 1078
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lee BARTLETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lee BARTLETT, Defendant-Appellant.
 Nos. 90-6345, 90-6351.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 20, 1990.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR No. 85-129-A, CR No. 86-119-A; C/A No. 89-1029-A)
 Allen Lee Bartlett, appellant pro se.
 Ruth Lynette Ranson, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 DISMISSED IN NO. 90-6345; AFFIRMED IN No. 90-6351.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Allen Lee Bartlett, a federal prisoner, appeals the denial of his petition for coram nobis relief (No. 90-6345) and the denial of his Fed.R.Civ.P. 59 motion to amend judgment (No. 90-6351).
 
 
 2
 Initially, we note that the Rule 59 motion was timely served on September 15, 1989, the tenth day after the district court's August 31, 1989, judgment order, excluding the intervening weekend and Labor Day holiday. Fed.R.Civ.P. 6(a). The motion tolled the time for appeal, which did not begin to run until the district court ruled on the Rule 59 motion on June 18, 1990. The notice of appeal which Bartlett filed in December 1989 is void. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); see also Sine v. Local 992, Int'l Brotherhood of Teamsters, 790 F.2d 1095 (4th Cir.1986) (a notice of appeal filed before the disposition of a Rule 59 motion has no effect). Because no timely notice of appeal from the August 31, 1989, judgment order was ever filed, we dismiss the appeal in No. 90-6345.* Thus the only issue before us on this appeal is the district court's denial of Bartlett's Rule 59 motion.
 
 
 3
 Although the district court's June 18, 1990, order denied the motion to amend judgment as untimely, the denial was not an abuse of discretion because the underlying judgment denying coram nobis relief was correct. We therefore affirm the order denying the Rule 59 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 No. 90-6345--DISMISSED.
 
 
 5
 No. 90-6351--AFFIRMED.
 
 
 
 *
 In any event, our examination of the record discloses that the coram nobis petition was properly denied. The purpose of coram nobis is to correct errors of fact or fundamental legal errors in circumstances where no remedy is available under 28 U.S.C. Sec. 2255. Willis v. United States, 654 F.2d 23 (8th Cir.1981). Construed as a Sec. 2255 motion, the petition raises grounds which were litigated in a previous Sec. 2255 proceeding and are now successive, and new grounds which constitute an abuse of the writ because the facts underlying these claims were known to Bartlett at the time of the prior Sec. 2255 proceedings (in which he was represented by counsel) and could have been raised then. Sanders v. United States, 373 U.S. 1, 17-18 (1963); Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985)