Charles RAMEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 93–1803.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 28, 1993.

Decided Nov. 18, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 29, 1993.

**1314**

Appellant pro se.

Patricia McGarry, Asst. Atty. Gen., St. Louis, MO, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Charles Ramey appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.

Ramey and three co-defendants (Vaughn, Orr, and Dortch) were charged with drug offenses following an investigation in July 1990. Ramey agreed to plead guilty to Count V, possession with intent to distribute cocaine, and to testify truthfully for the government at all related trials. In exchange, the government agreed to move to dismiss with prejudice Counts I and VI of the indictment against Ramey, and to file on his behalf a U.S.S.G. § 5K1.1 motion for departure based on substantial assistance.

Following the guilty plea, Ramey failed to cooperate with the government; he did not contact the prosecutor as directed. As a result, the government did not file a section 5K1.1 motion.

In a written response to the PSR, Ramey's counsel objected to the PSR's use of the total quantity of cocaine seized, rather than the quantity found on Ramey, to calculate the offense level. Ramey's different counsel at sentencing noted the previous objection; observed that the stipulation of facts stated the drugs in all the counts would be considered; and argued that, because the government was not "living up to the stipulation by filing the departure," the stipulation should not control, especially when the PSR recognized that Ramey did not play a principal part in the conspiracy. The district court overruled the objection, finding that Ramey knew about the drugs, had access to them, and could have reasonably foreseen the amount of drugs involved. The court sentenced Ramey to 53 months in prison with three years supervised release, and, on the government's motion, dismissed Counts I and VI. Ramey did not appeal.

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir.1988) (per curiam). Ramey procedurally defaulted by not filing a direct appeal challenging the quantity of cocaine attributed to him in the calculation of his offense level. Ramey has neither shown cause and prejudice to excuse his default nor made any showing of factual innocence, and his motion is thus procedurally barred from review under section 2255.

Nevertheless, to the extent Ramey is claiming his plea was involuntary because his counsel rendered ineffective assistance, Ramey must overcome "strong presumptions" of counsel's competence and of the voluntariness of his guilty plea based on his representations at the plea hearing. *See Bramlett v. Lockhart*, 876 F.2d 644, 647 (8th Cir.), *cert. denied*, 493 U.S. 941, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989). Ramey's present allegations do not overcome these presumptions. Ramey signed the stipulation of facts which acknowledged that his offense level would be based upon the quantity of drugs involved in all the counts; this stipulation resulted in the dismissal of two counts and would have resulted in a motion to depart but for Ramey's failure to cooperate. During the change-of-plea hearing, Ramey indicated that he understood the plea agreement, he was satisfied with his lawyer's services, and he was pleading guilty without coercion. Ramey further stated that the prosecutor's summary of the facts was correct, and he understood the maximum sentence was twenty years—a sentence significantly exceeding the 53–month sentence actually imposed.

We conclude that the district court correctly rejected Ramey's challenge to the drug-quantity determination. Under U.S.S.G. § 1B1.3, a conspirator bears responsibility for all reasonably foreseeable criminal acts in furtherance of the conspiracy that lie within the scope of the defendant's conspiracy agreement. *United States v. Olderbak,* 961 F.2d 756, 764 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 422, 121 L.Ed.2d 344 (1992). Section 1B1.3 applies to a trusted and willing participant who understands the full extent of the conspiracy. *See United States v. Ortiz–Martinez,* 1 F.3d 662, 676 (8th Cir.1993). The district court found at sentencing that "[t]he drugs were available to any of the people participating in the distribution of the cocaine. They knew it was there, they had some reason to believe it would be there, and some reasonable anticipation of the amounts involved." Ramey had stipulated that he received a telephone call while at Vaughn and Dortch's apartment, that the caller asked for Dortch, and that Ramey told the caller Dortch was not in but Ramey would deliver cocaine to the caller at the grocery store parking lot; Ramey thus admitted he had access to the apartment and to the cocaine there. The district court did not clearly err in finding that Ramey could have reasonably foreseen the amount of drugs involved in the "jointly undertaken criminal activity." *See* U.S.S.G. § 1B1.3(a)(1)(B).

Accordingly, we affirm the judgment of the district court.