37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Phyllis Elaine HIPPS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-4073.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 13, 1994.
Filed: Oct. 20, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Phyllis Elaine Hipps, a federal prisoner, appeals from the district court's[1] denial of her 28 U.S.C. Sec. 2255 motion to vacate her sentence. We affirm.
 
 
 2
 In November 1989, Hipps pleaded guilty to violating 18 U.S.C. Sec. 1344 by knowingly executing a scheme to defraud a federally chartered and insured bank in Arkansas. Hipps had obtained money from similar fraud schemes in numerous other states, had pleaded guilty to federal indictments for bank fraud in the Southern District of Mississippi and the Northern District of Florida, and had been sentenced to consecutive prison terms in those districts. For the Arkansas offense, the district court sentenced Hipps to 30 months imprisonment to be served consecutively to the other federal sentences. Hipps did not appeal the sentence.
 
 
 3
 In July 1993, Hipps filed this motion, arguing that the sentence violated the Double Jeopardy Clause because the amount of loss involved in this conviction was also used to arrive at a higher base offense level for her sentences in the other two districts. The district court denied the motion on the ground that Hipps had waived the issue by failing to raise it at sentencing or on direct appeal.
 
 
 4
 Ordinarily, a section 2255 motion is not a substitute for a direct appeal. Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993). Hipps has not shown cause and prejudice to excuse her default, see id. at 448, and she does not assert that she is factually innocent. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (miscarriage-of-justice exception applies only to factual innocence). Accordingly, we affirm the district court's decision.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas