46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Ervin KINDLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2631.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 13, 1994.
Filed: Jan. 23, 1995.
 
 Before BOWMAN, Circuit Judge, GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ervin Kindle was tried and convicted of cocaine distribution and conspiracy. Attorneys with the same office address separately represented Kindle and his co-defendant, Ernestine Fobbs. Kindle appealed, contending that the district court violated Fed. R. Crim. P. 44(c) regarding joint representation of co-defendants. We affirmed but expressly noted that Kindle might be able to prove actual conflict of interest or ineffective assistance of counsel on an expanded post-conviction record. See United States v. Kindle, 925 F.2d 272, 276 (8th Cir. 1991).
 
 
 2
 Kindle then filed this motion for post-conviction relief under 28 U.S.C. Sec. 2255, alleging additional facts tending to show that Kindle's and Fobbs's trial attorneys were associated in the practice of law at the time of the trial. Kindle further alleged that Ms. Fobbs and the attorney for a third defendant would testify "as to the resulting conflict of interest." The district court[1] denied the motion without a hearing. Kindle appeals, contending that he was entitled to a hearing on two issues, whether his trial attorney labored under an actual conflict of interest, and whether, in light of this conflict, he was denied the effective assistance of counsel at trial. We disagree.
 
 
 3
 Kindle's Sec. 2255 motion alleged additional facts relevant to the question of whether his attorney and Fobbs's attorney were associated in the practice of law for purposes of Rule 44(c). However, the Rule 44(c) issue was decided against Kindle on direct appeal and may not be revisited by this Sec. 2255 motion. As Kindle notes, we did not decide actual conflict of interest or ineffective assistance issues on direct appeal. However, even if he could prove that the two attorneys were associated in the same law firm,
 
 
 4
 dual representation is not per se violative of the Sixth Amendment.... We have required a showing of an actual conflict of interest or evidence pointing to a substantial possibility of a conflict of interest before a reversal is commanded on this ground alone.
 
 
 5
 Lawriw v. United States, 568 F.2d 98, 101 (8th Cir. 1977). Here, Kindle has alleged no facts tending to prove an actual conflict of interest, and he makes only conclusory allegations that he was denied effective assistance of counsel at trial because his attorney did not move to sever, gave no opening statement, and permitted the jury to perceive an "appearance of unity" between Kindle and his co-conspirator, Fobbs. In these circumstances, the district court, who presided at the trial, properly concluded that Kindle had made only vague and conclusory allegations of conflict of interest and ineffective assistance of counsel that do not warrant an evidentiary hearing prior to the denial of his Sec. 2255 motion. See Blackledge v. Allison, 431 U.S. 63, 75 (1977).
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas