48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 William Earl COLLINS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2565.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 9, 1995.
Filed: Feb. 28, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Collins appeals from the final order entered in the district court[1] denying his 28 U.S.C. Sec. 2255 motion. For the reasons set forth below, we affirm.
 
 
 2
 While on state parole, Collins pleaded guilty to a federal offense, allegedly because his attorney advised him that he would begin serving his federal sentence as soon as it was imposed and that, if his parole was revoked, his state sentence would run concurrently with his federal sentence. Prior to sentencing on the federal charge, Collins was taken into state custody pending a decision on his parole status. After he received his federal sentence, Collins's parole was revoked and he remained in state custody to serve the balance of his state sentence. Collins was then transferred to federal custody to serve his federal sentence.
 
 
 3
 Collins filed this section 2255 motion seeking either to enforce the alleged terms of his plea agreement (which would have required crediting his federal sentence with the time he served in state prison) or to vacate his plea. In support of his motion, Collins submitted an unsworn, undated document purporting to be an affidavit from his defense counsel attesting that he and the federal prosecutor had reached an "understanding" that Collins "would be immediately placed in federal custody to serve [his federal] sentence." The magistrate judge later granted Collins leave to amend his motion to add a claim of ineffective assistance of counsel, based on defense counsel's alleged representations to him about the execution of his sentence.
 
 
 4
 The magistrate judge appointed counsel for Collins and held a hearing, at which Collins testified he had entered his plea in reliance on the "understanding" between his defense counsel and the prosecutor; he admitted, however, that the prosecutor had not promised him his sentences would run concurrently. The magistrate judge found, based on the prosecutor's hearing testimony, that the prosecutor had not promised that Collins would begin serving his federal sentence immediately after it was imposed. The magistrate judge also found that the alleged "understanding" was not supported by Collins's plea-hearing statements affirming that the government had promised nothing beyond dismissal of certain counts. Noting defense counsel's absence from the motion hearing, the magistrate judge further found that the agreement as alleged by Collins never existed, that Collins had not relied on any such agreement in pleading guilty, that defense counsel had negotiated an excellent plea bargain, and that Collins had failed to provide any evidence casting doubt on his counsel's performance. Thus, the magistrate judge recommended denying the motion. After de novo review, the district court adopted the report and denied relief.
 
 
 5
 We review for clear error a factual finding on "[w]hether the government has made a promise in the context of a plea agreement." United States v. Halford, 948 F.2d 1054, 1056 (8th Cir. 1991), cert. denied, 1125 S. Ct. 1700 (1992). We conclude the district court did not clearly err in crediting the prosecutor's testimony over Collins's and finding that the plea agreement Collins described did not exist. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (credibility findings virtually unassailable on review); United States v. Ball, 646 F.2d 340, 340 (8th Cir. 1981) (per curiam) (affirming denial of Sec. 2255 requests to have sentences accord with alleged plea agreements, where movants had denied-when entering guilty pleas-existence of any plea bargain).
 
 
 6
 We also conclude the district court properly denied Collins's ineffective-assistance claim. Collins failed to show that his defense counsel had in fact made the alleged representations about his sentence, and failed to show that there is a reasonable probability that, but for this alleged deficiency in counsel's performance, he would not have pleaded guilty. See Iron Wing v. United States, 34 F.3d 662, 665 (8th Cir. 1994); Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (Sec. 2255 movant alleging ineffective assistance must overcome "strong presumptions" of counsel's competence).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge for the Eastern District of Missouri