68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Kerry BROWN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-1935.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 27, 1995.
Filed: Oct. 6, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kerry Brown appeals the district court's[1] order denying his petition for a writ of error coram nobis. We affirm.
 
 
 2
 In 1986, a jury found Brown guilty of robbing a federally insured credit union, using a firearm during the robbery, and transporting stolen money in interstate commerce. The district court[2] sentenced Brown to concurrent prison terms of twenty-five and five years for the robbery and transportation counts, and a consecutive five-year term for the firearm count. Brown unsuccessfully appealed and sought 28 U.S.C. Sec. 2255 relief.
 
 
 3
 In 1993, Brown sought to challenge his conviction through this petition, explaining that he had completed the five-year firearm sentence (which he asserted had to be served first) and that his petition was not to be considered as a second motion under 28 U.S.C. Sec. 2255. The district court denied Brown's coram nobis petition on the ground that, because he is still in federal custody, such relief is not available to him.
 
 
 4
 Coram nobis and section 2255 provide substantially equivalent remedies. Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir.1987) (per curiam). One distinction is that a section 2255 movant must be in federal custody, while " '[c]oram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack.' " Id. (quoted case omitted). The Supreme Court recently held that a state inmate seeking habeas corpus review of his sentence "remains 'in custody' under all of his sentences until all are served." Garlotte v. Fordice, 115 S. Ct. 1948, 1949 (1995). We conclude that, even if Brown has completed his five-year firearm sentence, he remains "in custody" on his other sentences and is thus not eligible for coram nobis relief.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn Jr, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri, now retired