_____

No. 95-2999
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas.
Ervin Kindle,                       *
                                    *     **[PUBLISHED]**
          Appellant.                *

_____

          Submitted:  June 6, 1996

             Filed:  June 26, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Federal inmate Ervin Kindle appeals the district court's[1] order
denying his petition for a writ of error coram nobis.  We affirm.


     Kindle was convicted of one count of drug conspiracy, in violation
of 21 U.S.C. § 846; three counts of possession of drugs with intent to
distribute, in violation of 21 U.S.C. § 841; and two counts of aiding and
abetting in the distribution of drugs or in the possession of drugs with
intent to distribute, in violation of 18 U.S.C. § 2.  The district court
sentenced Kindle to 264 months in prison, five years of supervised release,
a $5,000 fine and a $300 special assessment; we affirmed Kindle's
conviction on all counts.  United States v. Kindle, 925 F.2d 272, 274-76
(8th Cir.

_____

     [1]The HONORABLE HENRY WOODS, United States District Judge for
the Eastern District of Arkansas.

1991).  We subsequently affirmed the denial of Kindle's 28 U.S.C. § 2255 motion, in which he claimed ineffective assistance of counsel.  Kindle v. United States, No. 94-2631 (8th Cir. Jan. 23, 1995) (unpublished per curiam).

Kindle then filed this writ of error coram nobis, asserting that the district court violated Fed. R. Crim. P. 32(c) by failing to conduct an evidentiary hearing to resolve disputed factual allegations in the presentence investigation report (PSR), after Kindle had objected to the PSR before and during sentencing.  The district court denied Kindle coram nobis relief, concluding that the time for challenging failure to conduct an evidentiary hearing is at sentencing and on direct appeal.  This appeal followed.

Kindle is not entitled to the relief he seeks because he is still in federal custody.  See Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir. 1987) (per curiam) (coram nobis lies only where petitioner completed sentence and is no longer in federal custody, is serving sentence for subsequent state conviction, or has not begun serving federal sentence under attack).

We reject Kindle's invitation to construe his petition as a successive motion for § 2255 relief.  Had Kindle elected to proceed under § 2255, he would have had to justify his apparent abuse of the writ.  See McClesky v. Zant, 499 U.S. 467, 493-94 (1991) (successive federal habeas petition must be dismissed as abuse of writ unless petitioner can show cause and prejudice or fundamental miscarriage of justice).  And he would have had to justify his failure to raise the Rule 32(c) issue on direct appeal.  See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (§ 2255 claim challenging drug quantity attributed to petitioner for sentencing was procedurally defaulted because not raised on direct appeal; § 2255 relief not available absent showing of cause and prejudice or factual innocence).  Kindle's coram nobis petition did not allege cause and prejudice or factual innocence.  Indeed, it did

not even acknowledge his prior § 2255 motion.  It therefore may not be construed as a successive § 2255 motion.

The judgment of the district court is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because we are bound to construe a pro se petition liberally, I would consider petitioner's papers as asking for relief under 28 U.S.C. § 2255 and would remand the case to the district court for a decision on the issue of whether the writ has been abused.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.