UNITED STATES of America, Appellee,

v.

Ervin KINDLE, Appellant.

No. 95–2999.

United States Court of Appeals,
Eighth Circuit.

Argued June 6, 1996.

Decided June 26, 1996.

Rehearing Denied Aug. 2, 1996.

Cheryl K. Maple, North Little Rock, AR,
for appellant.

Patrick Harris, Asst. U.S. Atty., Little
Rock, AR, for appellee.

Before BEAM, LOKEN, and MORRIS
SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Federal inmate Ervin Kindle appeals the
district court's [1] order denying his petition
for a writ of error coram nobis. We affirm.

Kindle was convicted of one count of drug
conspiracy, in violation of 21 U.S.C. § 846;
three counts of possession of drugs with in-
tent to distribute, in violation of 21 U.S.C.
§ 841; and two counts of aiding and abetting
in the distribution of drugs or in the posses-
sion of drugs with intent to distribute, in
violation of 18 U.S.C. § 2. The district court
sentenced Kindle to 264 months in prison,
five years of supervised release, a $5,000 fine
and a $300 special assessment; we affirmed
Kindle's conviction on all counts. *United
States v. Kindle*, 925 F.2d 272, 274–76(8th
Cir.1991). We subsequently affirmed the
denial of Kindle's 28 U.S.C. § 2255 motion, in
which he claimed ineffective assistance of
counsel. *Kindle v. United States*, No. 94–
2631, 1995 WL 21618 (8th Cir. Jan. 23, 1995)
(unpublished per curiam).

Kindle then filed this writ of error coram
nobis, asserting that the district court violat-
ed Fed.R.Crim.P. 32(c) by failing to conduct
an evidentiary hearing to resolve disputed
factual allegations in the presentence investi-
gation report (PSR), after Kindle had object-
ed to the PSR before and during sentencing.
The district court denied Kindle coram nobis
relief, concluding that the time for challeng-
ing failure to conduct an evidentiary hearing
is at sentencing and on direct appeal. This
appeal followed.

---

1. The HONORABLE HENRY WOODS, United
States District Judge for the Eastern District of
Arkansas.

■ Kindle is not entitled to the relief he seeks because he is still in federal custody. *See Zabel v. United States Attorney,* 829 F.2d 15, 17 (8th Cir.1987) (per curiam) (coram nobis lies only where petitioner completed sentence and is no longer in federal custody, is serving sentence for subsequent state conviction, or has not begun serving federal sentence under attack).

■ We reject Kindle's invitation to construe his petition as a successive motion for § 2255 relief. Had Kindle elected to proceed under § 2255, he would have had to justify his apparent abuse of the writ. *See McCleskey v. Zant,* 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991) (successive federal habeas petition must be dismissed as abuse of writ unless petitioner can show cause and prejudice or fundamental miscarriage of justice). And he would have had to justify his failure to raise the Rule 32(c) issue on direct appeal. *See Ramey v. United States,* 8 F.3d 1313, 1314 (8th Cir. 1993) (§ 2255 claim challenging drug quantity attributed to petitioner for sentencing was procedurally defaulted because not raised on direct appeal; § 2255 relief not available absent showing of cause and prejudice or factual innocence). Kindle's coram nobis petition did not allege cause and prejudice or factual innocence. Indeed, it did not even acknowledge his prior § 2255 motion. It therefore may not be construed as a successive § 2255 motion.

The judgment of the district court is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because we are bound to construe a *pro se* petition liberally, I would consider petitioner's papers as asking for relief under 28 U.S.C. § 2255 and would remand the case to the district court for a decision on the issue of whether the writ has been abused.