# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2167

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Joan M. Noske, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2000

Filed: December 19, 2000

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Joan M. Noske and her brother were convicted of tax evasion in a joint proceeding. Noske appealed her 78-month sentence, and we affirmed. See United States v. Noske, 117 F.3d 1053 (8th Cir. 1997). After her pro se 28 U.S.C. § 2255 petition failed, Noske's brother obtained habeas relief resulting in a reduction of his sentence to 78 months, the same sentence that Noske received. Because § 2255 precludes Noske from filing a second petition under that statute attacking her sentence, Noske seeks reconsideration of her sentence again through a writ of error coram nobis under the All Writs Act, see 28 U.S.C. § 1651. She argues the sentencing court

indicated at sentencing that Noske was less culpable than her brother, and her sentence should be reduced to effectuate the court's original intent. The district court denied Noske's petition. Citing United States v. Kindle, 88 F.3d 535 (8th Cir. 1996) (per curiam), the district court held "a writ of coram nobis is not available to an individual who is currently in federal custody." On appeal, Noske contends "coram nobis relief can be available to a person in federal custody where that person has an otherwise recognized constitutional claim that she cannot present through no dereliction of her own." We conclude coram nobis relief is unavailable to Noske.

First, Noske is in federal custody, and our case law clearly precludes coram nobis relief to a federal prisoner. See id. at 536; Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir. 1987). Second, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). Here, the appropriate means for Noske to challenge her sentence is § 2255. The statute is "controlling," even though she cannot obtain the relief she seeks because the statute prevents her from filing a second § 2255 petition. See United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999), cert. denied, 120 S. Ct. 1208 (2000). "The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255.'" Id. Third, even if § 2255 were not controlling, Noske does not appear to meet the requirements for issuance of coram nobis relief. Specifically, we do not believe she has shown an error "of the most fundamental character" occurred. See United States v. Morgan, 346 U.S. 502, 512 (1954).

We thus affirm the district court's denial of Noske's application for a writ of error coram nobis.

A true copy.

Attest:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.