# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2174

_____

United States of America,          *
                                     *

        Appellee,       *

                                     *   Appeal from the United States

     v.               *   District Court for the
                                     *   Western District of Arkansas.

George Lemark Patton,      *

                                   *   **[TO BE PUBLISHED]**

        Appellant.     *

_____

Submitted:  October 17, 2002
Filed:   October 28, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Federal inmate George Lemark Patton is serving an 87-month sentence after pleading guilty to aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 2.  Patton filed a 28 U.S.C. § 2255 motion, which was denied, and then filed this "petition challenging district court['s] jurisdiction of illegally imposed sentence and fine," purportedly under Rule 12(b)(2) of the Federal Rules of Criminal Procedure.  The district court[1] denied the petition, and Patton appeals.  We affirm.

_____

[1]The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas.

Rule 12(b)(2) permits the district court to notice a jurisdictional challenge "at any time during the pendency of the proceedings." United States v. Wolff, 241 F.3d 1055, 1056-57 (8th Cir. 2001). The proceeding that lead to Patton's conviction and sentence is no longer pending. Thus, his Rule 12(b)(2) motion was properly denied.

It is apparent that Patton sought relief under Rule 12(b)(2) in order to avoid the requirement in 28 U.S.C. § 2244(b)(3) that he obtain authorization from this court to file a second or successive 28 U.S.C. § 2255 motion. We have consistently held that inmates may not bypass the limitation on successive habeas petitions in this fashion. See United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam) (writ of coram nobis); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (28 U.S.C. § 2241 motion); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir.) (42 U.S.C. § 1983 claim), cert. denied, 522 U.S. 1010 (1997); Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir.) (motion to recall mandate), cert. denied, 519 U.S. 1073 (1997); Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996) (Rule 60(b) motion), cert. denied, 521 U.S. 1123 (1997). Patton has not requested authorization from this court, and the district court did not transfer his Rule 12(b)(2) motion to this court for that purpose. See Boyd v. United States, No. 02-1848, 2002 WL 31114659, at *1 (8th Cir. Sept. 25, 2002). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.