**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

v.

ERIC LEE JENSEN,

　　　　　　*Defendant-Appellant.*

No. 03-6871

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron M. Currie, District Judge.
(CR-98-1118)

Submitted: August 18, 2003

Decided: September 26, 2003

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Eric Lee Jensen, Appellant Pro Se. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Lee Jensen appeals from the district court's order denying his "Emergency Petition" in which he challenged the validity of his indictment under Rules 6(f) and 7(c) of the Federal Rules of Criminal Procedure. Jensen pled guilty to one count of the indictment, and his conviction became final in February 2000. He subsequently requested and received a copy of his indictment. That copy, unlike the official copy in the record, did not contain signatures of the foreperson of the grand jury or of the prosecutor, as required under Rule 7(c).

Based on the absence of the required signatures on his copy of the indictment, Jensen speculated that the indictment was not presented in open court as required under Rule 6(f), and therefore, the indictment was not valid and the district court had no subject matter jurisdiction over his criminal proceeding. *See Renigar v. United States*, 172 F. 646, 650 (4th Cir. 1909) (holding that a valid indictment must be returned in open court and failure to do so is a jurisdictional claim).

We find that there is no proper procedural vehicle by which Jensen can raise his challenges to the indictment at this stage of the proceedings. If the "Emergency Petition" were addressed under 28 U.S.C. § 2255 (2000), based on Jensen's submissions, it is clear from the record that the motion was filed beyond the limitations period. A petition under 28 U.S.C. § 2241 (2000) is not an available remedy because Jensen cannot show that the relief under § 2255 is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *see Swain v. Pressley*, 430 U.S. 372, 381 (1977). The only other procedural vehicle by which Jensen's claims might be raised—a writ of error coram nobis—also is not an available remedy in this case. *See United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001) (holding that a writ of coram nobis applies only when the applicant is not in custody); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (same); *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (same). *But see United States v. Dawes*, 895 F.2d 1581, 1582 (10th Cir. 1990) (allowing coram nobis for a person in custody when

§ 2255 was not a sufficient remedy). Thus, we conclude that the district court was unable to address the merits of the claims.

Moreover, Jensen's claims are merely speculative. In fact, his claim that the indictment did not contain the necessary signatures is belied by the record, and his challenge to the presentment of the indictment is based solely on his erroneous claim that the original indictment was not signed. Thus, Jensen is entitled to no relief. Accordingly, we affirm the district court's order denying Jensen's "Emergency Petition."

Also on appeal, Jensen contends that the district court erred in denying him release on bond in November 1998. This issue was waived by Jensen's failure to raise it in the district court. *See United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 915 (4th Cir. 1976).

In conclusion, we affirm the district court's order denying Jensen's "Emergency Petition." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*