UNITED STATES of America, Appellee,

v.

**Paul M. MOONEY, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Karen F. MOONEY, Appellant.**

Nos. 84–2009, 84–2010.

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1985.

Decided Aug. 2, 1985.

Keith E. Uhl, Gary Robinson, Des Moines, Iowa, for appellants.

Joseph S. Beck, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Paul M. Mooney and Karen F. Mooney appeal from final judgments entered in the District Court[1] for the Southern District of Iowa upon jury verdicts finding them each guilty of three counts of federal income tax evasion for the calendar years 1977, 1978 and 1979, in violation of 26 U.S.C. § 7201. The district court sentenced each appellant to a term of one year imprisonment on each of the three counts, the terms to be served concurrently, and ordered them to pay the costs of the prosecution.

For reversal appellants argue that the district court erred in (1) denying their motion for a mistrial because of improper cross-examination and (2) denying their motion for judgment of acquittal "notwithstanding the verdict" or for a new trial because of the government's improper closing argument. Appellant Karen F. Mooney individually argues that (1) the district court's inquiry pursuant to Fed.R.Crim.P. 44(c)[2] about joint representation was inadequate and (2) she was denied effective assistance of counsel. For the reasons discussed below, we affirm the judgments of the district court.

Appellants Paul M. Mooney and Karen F. Mooney are married and together they owned and operated the Southern Iowa Concrete Co., a construction supply and services business. In 1979 appellants sold the business for $180,000. In addition to other office responsibilities, appellant Karen F. Mooney kept the company books and prepared summary sheets used in the preparation of their 1977, 1978 and 1979 federal income tax returns. Appellant Paul F. Mooney personally prepared the returns for the years 1977 and 1978. An accountant prepared the 1979 return using records provided by appellant Paul M. Mooney, including summary sheets prepared by appellant Karen F. Mooney.

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

2. Fed.R.Crim.P. 44(c) provides:

    (c) **Joint Representation.** Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his [or her] right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

In 1980 the Internal Revenue Service (IRS) audited appellants' 1978 return and subsequently expanded the audit to include the years 1977 and 1979. The IRS later referred the audit to the IRS Criminal Investigation Division. Following further evaluation by the IRS and the Department of Justice, the matter was presented to a federal grand jury, which indicted appellants for federal income tax evasion in March 1984. In April 1984 at an informal omnibus hearing, the government provided appellants with the government's documentary evidence and the parties stipulated as to the admissibility of the various documents.

According to the government's theory of the case and the evidence presented at trial, appellants intentionally failed to report at least $221,895.00 in income on their 1977, 1978 and 1979 returns. These omissions consisted of payments from 18 customers in 53 transactions. None of these transactions was recorded in the company books. The government also presented evidence that appellants kept in their home $25,000 in cash from unrecorded business transactions. Appellants' theory of defense was that the omissions from income were mistakes.

Appellants first argue that the district court erred in denying their motion for a mistrial on the ground of improper cross-examination of appellant Paul M. Mooney about 1976 income and their 1976 return. Appellants argue that the government failed to afford appellants with notice about the inquiry into the 1976 tax year and misstated the evidence about appellants' 1976 return.

Appellants did object to the cross-examination and the district court sustained their objection, ruling that the 1976 tax year inquiry was irrelevant. The district court also instructed the government not to ask further questions about the 1976 tax year and explained to the jury that because the 1976 tax year was not relevant to the trial, the court would not allow appellants to introduce additional evidence about their 1976 income and return. Finally, the district court also instructed the jury to disregard all of the 1976 tax year evidence.

■■■ The decision to grant or deny a motion for a mistrial is a matter within the sound discretion of the district court. Only a showing of clear abuse of discretion will warrant reversal on appeal. *See, e.g., United States v. Quinn,* 543 F.2d 640, 650 (8th Cir.1976); *United States v. Scott,* 511 F.2d 15, 20 (8th Cir.), *cert. denied,* 421 U.S. 1002, 95 S.Ct. 2403, 44 L.Ed.2d 670 (1975). We have some doubts about whether the district court's ruling to exclude the 1976 tax year evidence was correct. *Cf. United States v. Thompson,* 513 F.2d 577, 579 (8th Cir.1975) (per curiam) (tax returns for prior years admissible as evidence of other crimes to show pattern of late filing in tax evasion prosecution). Assuming for the purpose of argument that the 1976 tax year evidence was inadmissible, we believe the district court's responsive actions were sufficient to cure any error. We find no abuse of discretion in the district court's denial of the motion for a mistrial. As noted above, the district court sustained appellants' objection to the cross-examination on the ground of relevance, instructed the government to refrain from further questions about the 1976 tax year, explained its rulings to the jury, struck the evidence from the record, and instructed the jury to disregard the 1976 tax year evidence.

■■■ Appellants next argue that the district court erred in denying their motion for judgment of acquittal "notwithstanding the verdict" or for a new trial because of the government's improper closing arguments. Appellants argue that in closing arguments the government attorney stated that appellants had been skimming cash receipts from their business and that this statement was unsupported by any evidence in the record. Appellants, however, did not object to the closing arguments below. In the absence of a timely objection, we will review appellants' argument on a plain error basis. We have carefully reviewed the record and cannot conclude that any of the statements in the govern-

ment's closing arguments affected appellants' substantial rights or resulted in a miscarriage of justice. Thus, we find no plain error.

Appellant Karen F. Mooney argues individually that the district court's inquiry pursuant to Fed.R.Crim.P. 44(c) about joint representation was inadequate and that she was denied effective assistance of counsel. We disagree.

"The sixth amendment right to counsel includes the right to effective assistance free of conflicts of interest, and in the case of a single attorney representing multiple defendants, free from conflicting interests between each of the defendants." *United States v. Ramsey*, 661 F.2d 1013, 1017 (4th Cir.1981), *cert. denied*, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982); *see Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *see generally* 3A C. Wright, Federal Practice and Procedure § 737 (2d ed. 1982 & Supp.1985). "Although joint representation of multiple criminal defendants creates a danger of counsel conflict of interest, the 'mere fact of joint representation' will certainly not show an actual conflict.'" *United States v. Mers*, 701 F.2d 1321, 1326 (11th Cir.) (citation omitted), *cert. denied*, —— U.S. ——, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983). In order to investigate potential conflicts of interest in cases where there is joint representation, Fed.R.Crim.P. 44(c) provides that "whenever two or more criminal defendants who have been jointly charged are represented by the same counsel, the district court shall personally advise each defendant of his [or her] rights to the effective assistance of counsel, including separate representation."

There appears to be some difference of opinion among the circuits as to the scope and specificity of the district court's Rule 44(c) inquiry. *See United States v. Bradshaw*, 719 F.2d 907, 914 (7th Cir.1983), *comparing United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975) (holding defendant

should be required to make a narrative response to the court's inquiries, much like the guilty plea procedure under Fed.R.Crim.P. 11), *with United States v. Mari*, 526 F.2d 117, 119 (2d Cir.1975) (rule requires careful inquiry to satisfy court that no conflict of interest and no valid objection to joint representation exist), *cert. denied*, 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311 (1976). However, there is general agreement that failure to comply with Rule 44(c), standing alone, does not mandate reversal. *See United States v. Bradshaw*, 719 F.2d at 915; *United States v. Mers*, 701 F.2d at 1326; *United States v. Benavidez*, 664 F.2d 1255, 1258 (5th Cir.), *cert. denied*, 457 U.S. 1121, 102 S.Ct. 2936, 73 L.Ed.2d 1334 (1982); *see also* Fed.R.Crim.P. 44(c) advisory committee note.

In the present case the district court did raise the question of joint representation and the potential for conflict of interest in pretrial proceedings and immediately before trial. There was some basis for inquiry because appellants were initially represented by a single attorney. After their initial appearances before the magistrate, appellants were formally represented by separate counsel. The district court explained to appellant that she had the right to separate counsel and her response was an equivocal "I don't know.... I'm undecided now [about joint representation and conflict of interest]." The district court then determined that appellant should be represented by separate counsel. We note that the record reflects that appellant was represented at trial by separate counsel.

■ Even assuming for purposes of argument that the district court's inquiry was inadequate, failure to comply with Rule 44(c) is not in itself grounds for reversal. *See, e.g., United States v. Bradshaw*, 719 F.2d at 915. Moreover, given the fact of separate representation, there was no joint representation.

■ Appellant further argues, however, that she was represented by separate counsel in name only because she was in actuality represented by her husband's counsel. On appeal appellant argues that

her trial counsel was unprepared, purposely assumed a "fairly inactive" role at trial and informed the jury of his limited role in light of appellants' "unified defense." This is the basis of appellant's ineffective assistance of counsel argument.[3] We find no merit in appellant's ineffective assistance of counsel claim. The decision to proceed with a unified defense strategy was a matter of trial tactics. We note that "co-defendants may, in fact, benefit from the presentation of a united defense against a common attack. 'Joint representation is a means of insuring against reciprocal recrimination. A common defense often gives strength against a common attack.'" *United States v. Bradshaw*, 719 F.2d at 915, *citing Glasser v. United States*, 315 U.S. 60, 92, 62 S.Ct. 457, 475, 86 L.Ed. 680 (1942) (Frankfurter, J., concurring).

While these appeals were pending, appellant Karen F. Mooney filed in this court a motion for a limited remand to the district court to conduct an evidentiary hearing on the ineffective assistance of counsel question. We agreed to consider the motion with the appeal. In view of our disposition of the ineffective assistance of counsel claim on the merits, we deny appellant's motion for a limited remand as moot.

Accordingly, the judgments of the district court are affirmed.

---

**3.** Conflict of interest ineffective assistance of counsel claims do not require a showing of prejudice. The more typical ineffective assistance of counsel claim, that is, the claim that counsel's actual performance was inadequate, requires a showing of factual prejudice. *See United States v. Mers*, 701 F.2d 1321, 1326 n. 1 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983); *see generally* Waltz, *Inadequacy of Trial Defense Representation as a Ground for Post-Conviction Relief in Criminal Cases,* 59 Nw.U. L.Rev. 289, 301–41 (1964) (distinguishing between "extrinsic" pressures interfering with counsel's representation, such as conflicts of interest, and "intrinsic" ineffectiveness such as trial errors).