**UNITED STATES of America, Appellee,**

v.

**Ervin KINDLE, Appellant.**

**No. 90–1381.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1990.

Decided Feb. 15, 1991.

**274**

Cheryl K. Maples, North Little Rock, Ark., for appellant.

Patrick Harris, Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSON,* Senior District Judge.

HENLEY, Senior Circuit Judge.

Appellant Kindle was convicted of one count of 21 U.S.C. § 846 (drug conspiracy), three counts of 21 U.S.C. § 841 (possession of drugs with intent to distribute) and two counts of 18 U.S.C. § 2 (aiding and abetting in the distribution of drugs or in the possession of drugs with intent to distrib-

---

* The Honorable William C. Hanson, United States Senior District Judge, Southern District of Iowa, sitting by designation.

ute). The district court[1] sentenced Kindle to 264 months in prison, five years of supervised release, a fine of $5,000.00, and a special assessment of $300.00.

In this appeal, Kindle complains that: (1) his attorney had a prejudicial conflict of interest, (2) his attorney provided ineffective assistance of counsel, (3) the D.E.A. case agent improperly communicated with sequestered witnesses during trial, (4) his confrontation clause rights were violated, (5) his case should have been severed from that of codefendants, (6) the evidence was insufficient to sustain a conviction, (7) hearsay admitted by the district court was not in furtherance of a conspiracy, and (8) the prosecution made improper closing arguments. Kindle's convictions on all counts are affirmed.

FACTS

We recite only such facts as have specific bearing on the issues raised by appellant. Kindle was charged in a joint indictment with three other defendants, Fobbs, Jones and Pearson. Pearson entered into a plea agreement and was not a defendant at the trial. The remaining defendants were tried together and were represented by separate counsel. The government called seventeen witnesses including several law enforcement agents, unindicted coconspirators, drug buyers, and an informant. The testimony principally consisted of first hand accounts of drug transactions and accounts of interaction among the defendants.

According to the transcript, appellant's trial counsel, Vess, and Fobbs' counsel, Hankins, shared the same office address. Appellant suggests the two were associated in the practice of law. According to appellee's brief, however, the two do not share the same phone number or phone listing. Appellee also states there is no firm listing containing the names of Hankins and Vess together. The record shows that both counsel represented to the district court that they practiced law separately as solo practitioners.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

The record indicates at least one witness reported that D.E.A. case agents sitting in on the trial communicated with sequestered witnesses during the trial. After this complaint was made, the district court ordered such communications to stop. A motion for mistrial was made but the district court overruled the motion. The record contains no evidence of the content of these communications or whether they were prejudicial to appellant in any way.

Appellant's trial counsel cross-examined all but one government witness and objected frequently to testimony and evidence. Trial counsel did not make any motion to sever, gave no opening statement, and made no motions to limit the use of evidence against appellant. The record also shows occasional instances of joint action by appellant's and codefendant's counsel. At one point Fobbs' attorney conceded on Fobbs' behalf the truth of certain facts necessary and perhaps sufficient to convict Fobbs on Count VII of the indictment. This count charged her, alone, with distribution of cocaine. No objection was made by counsel for the codefendants to this admission of facts.

Certain hearsay statements made post-arrest by an unindicted coconspirator to an arresting officer were admitted by the district court under the coconspirator evidence rule. Also, during closing argument, the prosecution referred to Kindle as "hot papa" and "boss" based on characterizations made by some of the witnesses. The record shows appellant handled some organizational and administrative details related to travel, scheduling of events, and cash distributions.

CONFLICT OF INTEREST

■ Appellant argues that the shared address of counsel should have raised the possibility of a conflict of interest in the mind of the trial judge, thus necessitating further inquiry. Alternatively, appellant asserts the record is replete with evidence of counsel's behavior sufficient to demonstrate an actual conflict of interest. Federal Rule of Criminal Procedure 44(c) requires the district court to inquire into possible conflicts of interest whenever codefendants are represented by the same or associated counsel. This is so in part because a defendant's right to effective assistance of counsel includes a right to unconflicted counsel. *United States v. Mooney*, 769 F.2d 496, 499 (8th Cir.1985).

■ We review judicial determinations regarding conflicts of interest under an abuse of discretion standard. *United States v. Agosto*, 675 F.2d 965, 970 (8th Cir.1982). In this case, however, there was no determination so we must decide whether the trial court should have made an inquiry and, if so, the impact of its failure to do so. *See United States v. Colonia*, 870 F.2d 1319, 1327 (7th Cir.1989) (when the court has notice of an alleged conflict and the court fails to investigate, proof of possible prejudice raises a presumption of prejudice which may lead to reversal). But failure to comply with Rule 44(c) does not automatically mandate reversal. *Mooney*, 769 F.2d at 499; *Colonia*, 870 F.2d at 1327.

■ The trial court may give substantial weight to the representations of counsel regarding conflicts of interest. *Agosto*, 675 F.2d at 973. In the present case, both counsel represented they were solo practitioners. The mere fact that both attorneys had the same address was not enough to indicate a possible conflict. Solo practitioners sharing office space with common staff and materials is not unusual and such an arrangement does not necessarily cause a conflict of interest when codefendants are thus represented. *See United States v. Varca*, 896 F.2d 900 (5th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 209, 112 L.Ed.2d 170 (1990).

■ The trial court has no duty to inquire, and thus there is no error, when facts sufficient to alert it to a possible conflict of interest have not been brought to its attention by either defendant or counsel. Therefore, the defendant must instead "demonstrate an actual conflict of interest which adversely affected his attorney's performance" to obtain relief. *Colonia*, 870 F.2d at 1327; *accord Parker v. Parratt*, 662 F.2d 479, 483–84 (8th Cir.1981) (adopting the rule of *Cuyler v. Sullivan*, 446

U.S. 335, 348–50, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1979)). The limited record is simply inadequate for us to conclude that there was an actual conflict of interest and clear prejudice to appellant. The alleged omissions by defense counsel are not enough in the context of the record to constitute clear evidence of a conflict of interest and prejudice. Such decisions could have been defense strategy, and we give great deference to counsel's determinations within that realm. The fact that counsel may have participated in a uniform defense strategy and acted jointly with co-defendant's counsel does not mean there was "constructive" joint representation or a conflict of interest. A common or unified defense is sometimes the best trial strategy and nothing prevents one attorney from taking a more dominant role in that defense. *See Mooney,* 769 F.2d at 500.

■ While characterized as ineffective assistance of counsel, appellant's next contention is actually his conflict of interest argument recycled. It is settled that ineffective assistance of counsel is more properly raised in a collateral proceeding because, among other reasons, the record is often insufficient for us to reach conclusion. *See United States v. Murphy,* 899 F.2d 714, 716 (8th Cir.1990) (citations omitted). This is true in the case before us. Appellant refers us to the Seventh Circuit *Colonia* decision for the proposition that ineffective assistance claims may be raised on direct appeal. We note, however, that the *Colonia* court also agrees that the record must be sufficiently developed on an issue before an appellate court can decide it. *Id.* at 1327.

This is not to say that new or additional evidence presented in a post-conviction proceeding might not be sufficient to show an actual conflict of interest or shed new light on appellant's allegations of ineffective assistance. Nothing we say here is intended to prejudice any such post-conviction relief proceeding. We simply hold that the district court had no duty to inquire in this case and that the record is insufficient for us to make a clear finding of an actual conflict of interest and prejudice.

## CONTACT WITH SEQUESTERED WITNESSES

■ Appellant next complains that the contact between D.E.A. case agents and sequestered witnesses during trial violated the court's sequestration order, and the court's failure to grant a mistrial or take remedial action was reversible error. Federal Rule of Evidence 615 makes the sequestration of most witnesses obligatory upon motion by counsel, but the district court is granted wide latitude in fashioning the nature and extent of such orders. *See United States v. Shurn,* 849 F.2d 1090 (8th Cir.1988). Courts distinguish between a judge's failure to comply with a Rule 615 request and a party's violation of a Rule 615 order as in this case, with action on the latter committed to the sound discretion of the trial court. *See United States v. Ell,* 718 F.2d 291, 293 (9th Cir.1983). We will only reverse if evidence of clear prejudice indicates the trial court's ruling was an abuse of discretion. *United States v. Williams,* 604 F.2d 1102, 1115 (8th Cir. 1979).

■ From our review of the record, it appears that witness contact was isolated and limited. Upon being brought to the attention of the court, such contact was ordered stopped and apparently did in fact cease. There was no showing made that the contact resulted in the tailoring of witness testimony to that of earlier witnesses or the development of less than candid testimony which Rule 615 seeks to prevent. *See Geders v. United States,* 425 U.S. 80, 87, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976). The record does not indicate that the trial court's sequestration order prohibited agent-witness contact and such order need not do so to meet the requirements of Rule 615. *United States v. Stewart,* 878 F.2d 256, 259 (8th Cir.1989). We cannot conclude from the record before us that appellant suffered any prejudice from the witness contacts or that the trial court committed an abuse of discretion in denying counsel's motion.

## OTHER ISSUES

■ Appellant raises several other issues that we believe have little merit and

which we will only briefly address. Appellant claims his confrontation clause rights were violated because codefendant Fobbs, through her attorney, "confessed" to Count VII of the indictment during trial. Appellant relies on a line of Supreme Court opinions beginning with *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which define a defendant's confrontation clause rights in the context of non-testifying codefendant confessions admitted at trial. These decisions do not reach the present case.

First, Count VII related to Fobbs alone and was not connected to the conspiracy. Second, neither the statements nor the count implicated appellant. Finally, Fobbs did not "confess" to the count, but merely admitted certain facts to avoid the consumption of time which might have been required to lay foundation. The Supreme Court opinions applying to confession cases do not control here. But even if they did, we have also held that *Bruton*-based confrontation clause challenges are subject to the harmless error rule, and the effects, if any, of Fobbs' admissions in this case were harmless. *United States v. Long*, 900 F.2d 1270, 1280 (8th Cir.1990).

Appellant also argues that the district court should have severed the defendants' cases for trial and that the evidence against appellant was insufficient to convict. These arguments are based on the assertion that substantially all the testimony at trial incriminated Fobbs, not appellant. Appellant suggests that even if the Fobbs "confession" did not violate the confrontation clause, it prejudiced his case since he was being tried with Fobbs.

We find these arguments unpersuasive and unsupported by the record. Appellant was accused, among other things, of being involved in a conspiracy. We have consistently held that persons charged with a conspiracy should generally be tried together. *United States v. White*, 890 F.2d 1012, 1016 (8th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990). The court agreed to instruct the jury to disregard much of the evidence if no conspiracy was shown. Evidence of a conspiracy was presented, however, and the evidence of individual conduct was thus relevant to the charge of conspiracy. Evidence of the conspiracy was further relevant to prove the defendants committed their individual crimes. Appellee's brief states, and we believe the record supports, that much of the testimony did directly or indirectly implicate appellant in the conspiracy and in the individual crimes for which he was charged and convicted. As stated, Fobbs' admission of facts did not implicate appellant, and the mere fact of such admissions in a joint trial does not necessarily constitute prejudice.

We will not reverse a district court's decision not to sever absent an abuse of discretion that clearly prejudices the rights of a defendant. *United States v. Kaminski*, 692 F.2d 505, 515 (8th Cir. 1982). Despite the number of witnesses and amount of testimony, we do not believe the trial was so complicated that jurors could not compartmentalize the evidence against each defendant. *See United States v. Miller*, 725 F.2d 462 (8th Cir. 1984). Furthermore, we will not reverse for insufficiency of the evidence absent a showing that when viewing the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences, a jury could have still harbored reasonable doubt. *United States v. Rich*, 518 F.2d 980, 984 (8th Cir.), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1975). We cannot say the district court abused its discretion regarding severance of the cases for trial, or that the evidence against appellant was insufficient for a reasonable jury to conclude that he was guilty beyond a reasonable doubt.

Appellant's trial counsel objected to hearsay testimony admitted at trial consisting of statements of an unindicted coconspirator related in court by both another coconspirator and a law enforcement officer. The statements made to the testifying coconspirator are clearly admissible under Federal Rule of Evidence 801(d)(2)(E) because they were made during the course and in furtherance of the conspiracy. The statements made to the law enforcement

officer, however, were apparently made after the coconspirator's arrest and were not in furtherance of the conspiracy. We have reviewed the law enforcement officer's testimony and find it to be innocuous. We believe it could do little to help or hurt either side in this case. We find that admission of this testimony, whether or not permitted under the coconspirator hearsay exception, was harmless and merely duplicative of other properly admitted testimony. *See Miller,* 725 F.2d at 467.

 Finally, appellant argues that the government's closing argument was improper and prejudicial. We grant the district court great deference in the conduct of its trials, and it may properly grant counsel great latitude in making closing arguments. *United States v. Felix,* 867 F.2d 1068, 1075 (8th Cir.1989) (citations omitted); *United States v. Lewis,* 759 F.2d 1316, 1350 (8th Cir.1985) (citations omitted). The references by the government to appellant as "hot papa" and "boss," along with assorted other comments, were based on characterizations or evidence provided by witnesses and as such are warranted by the evidence. We do not find the district court abused its discretion by permitting these statements during closing argument.

Appellant's convictions are affirmed.