_____

No. 96-2003
_____

United States of America,     *
                               *
        Appellee,          *
                               *
    v.                  *  Appeal from the United States
                             *  District Court for the District
Richard Quentin LeCompte,    *  of South Dakota.
                             *
        Appellant.       *

_____

Submitted:  October 24, 1996

Filed:  March 17, 1997
_____

Before MAGILL, ROSS and MURPHY, Circuit Judges.

_____

ROSS, Circuit Judge.

Richard LeCompte (appellant) appeals his conviction of two counts of aggravated assault with a dangerous weapon which occurred within Indian country, in violation of 18 U.S.C. §§ 1153, 113(a)(3), for which he was sentenced to 51 months imprisonment.[1]  After considering the record, briefs and arguments of the parties, we affirm the judgment of the district court.[2]

_____

[1]Appellant was also convicted of a lesser-included offense of striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4), but he does not contest that conviction in this appeal.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

I.

The record reflects that on the evening of July 10, 1995, a night of drinking culminated into an argument over money between appellant and the victim, Danielle Welch. Appellant and Welch had been at appellant's brother's residence and other locations until sometime into the early morning hours of July 11, 1995, when they returned to Welch's trailer house where the two were currently living. Welch testified that as she and appellant were proceeding on the driveway to the trailer house, Welch realized that some of her money was missing from her wallet and she accused appellant of taking it without her approval. She stated that appellant became angry and reached from the passenger seat and grabbed the keys from the ignition while the car was still proceeding. Both appellant and Welch got out of the car, at which time appellant hit her on the face with his fist several times, causing her to fall into a ditch alongside the driveway. When she was knocked down into the ditch, Welch struck her arm on a rock on the ground and received a deep laceration that later required stitches to repair. While Welch was still in the ditch, appellant continued hitting and kicking her. At one point, appellant threatened Welch by holding a rock as he stood over her, calling her names. Welch testified that she believed appellant intended to strike her with the rock. These actions provided the basis for Count I of the indictment, charging appellant with assault with a dangerous weapon.

Also according to Welch's testimony, after assaulting her in the ditch, appellant ordered her to get into the house. On the way to the trailer, appellant again struck Welch in the face, breaking her glasses and causing them to fly off her face. Once inside the trailer the beating continued. At one point, appellant jerked the phone base for the cordless phone off the counter. Welch gave conflicting testimony regarding when the appellant hit her with the phone base, but the phone base provided the basis for the charge in

-2-

Count III of the indictment. The jury ultimately reduced this count to a striking, beating, and wounding offense.

Because her arm was bleeding profusely, appellant ordered Welch to take a shower and Welch complied. During the shower, appellant entered the bathroom carrying the receiver of a second phone and struck her on the head, while challenging her to call her "cop friends." The use of the phone receiver provided the basis for the second count alleged in the indictment, charging appellant with assault with a dangerous weapon.

After her shower, but before she had a chance to dress, appellant ordered Welch back into the kitchen, where Welch saw that appellant had taken out his hunting knife and laid it on the table. Welch testified that appellant told her to go ahead and pick it up and use it on him, and that he could take Welch "out in the trees out back and hog-tie [her] up and gut [her] like a deer and kill [her] and nobody would know about it." When appellant turned his back, Welch took the knife and hid it on a chair under the table. The incident relating to the hunting knife was not charged in the indictment.

The verbal and physical abuse continued until Welch was finally able to escape from the trailer. She ran approximately 1/2 mile to her closest neighbor where she received help. Welch's neighbor, Shawn Boehr testified that in the early morning hours of July 11, 1995, he was awakened by Welch, who was naked, crying and obviously injured. Welch told Boehr that appellant "tried to kill me and he's got a knife." Boehr took Welch to the hospital where her laceration was sutured and her other injuries were treated.

Police investigation of the scene revealed Welch's shoes in the ditch where she alleged the first assault occurred, her broken glasses on her front porch, phones torn off the walls, bloody paper towels in the kitchen, a knife sheath on the kitchen table, and a

phone receiver in the bathroom tub. At trial, appellant admitted through his counsel that he assaulted Welch, but claimed that his attack was limited to his fists and shod feet.

On appeal, appellant claims the district court erred by enhancing his offense level by two points for aggravated assault resulting in bodily injury; improperly limiting his cross-examination of Welch regarding allegations that she was dishonest at her place of employment; allowing Welch to explain to the jury that appellant intimidated her with a hunting knife; and denying appellant's motion for judgment of acquittal based on insufficient evidence.

## II.

Appellant first argues that the court erred in adding two points to his base offense level, pursuant to U.S.S.G. § 2A2.2(b)(3)(A), which allows a two-level enhancement when a victim sustains bodily injury. Application Note 1(b) of U.S.S.G. 1B1.1 defines "bodily injury" as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." Appellant claims on appeal that the enhancement was improper because the "bodily injury" Welch sustained was not caused by the dangerous weapons charged in the indictment, but by appellant's fists and feet.

The presentence investigation report noted that during the course of the assault, Welch sustained "a large cut on her right forearm, bruises on her face and chin, a swollen nose, and scraped knees and shins . . . [b]ruising on [her] shoulder, face, and shin areas . . . , [l]acerations on [her] forearm were sutured, . . . and a hairline [rib] fracture was not ruled out."

Under the relevant conduct provision of the Sentencing Guidelines, U.S.S.G. § 1B1.3, "[u]nless otherwise specified, the

base offense level . . . [and] specific offense characteristics . . . shall be determined on the basis of . . . all acts and omissions committed . . . that occurred during the commission of the offense of conviction, [or] in preparation for that offense."

In United States v. Bassil, 932 F.2d 342, 345-46 (4th Cir. 1991), the Fourth Circuit concluded that a two-level enhancement was warranted under § 2A2.2(b)(3)(A) even though it was uncertain whether the dangerous weapon used by the defendant caused a specific injury. The court reasoned that it was undisputed that the defendant participated in the assault which caused the bodily injuries, and that he was therefore accountable for this harm under the Guidelines. Id. (citing U.S.S.G. § 1B1.3).

We agree that the Sentencing Guidelines allow the consideration of § 1B1.3 relevant conduct in determining specific offense characteristics under the § 2A2.2(b)(3) enhancement, and includes the whole, nearly continuous assaultive behavior of the appellant upon the victim. Welch received injuries that were "painful, obvious and required medical attention." The district court was not required to assign the use of a specific dangerous weapon to a particular resulting injury. The district court did not err in considering the injuries sustained during the commission of the assault.

                                III.

Next, appellant contends the district court improperly barred certain cross-examination of Welch relating to her former employees' allegations that she was dishonest and untrustworthy. The appellant possessed a letter sent by Welch's employees to corporate management a few months before the assault, alleging that Welch stole money from the company. The appellant contends this evidence was relevant to the issue of Welch's credibility as a

witness.  It is undisputed that Welch was never charged nor convicted of any crime associated with these allegations.

Federal Rule of Evidence 608(b) gives the court wide discretion to allow questioning during cross-examination on specific bad acts not resulting in the conviction of a felony if those acts concern the witness's credibility.  However, in order to avoid holding "mini-trials on peripherally related or irrelevant matters," Rule 608(b) "forbids the use of extrinsic evidence to prove that the specific bad acts occurred." United States v. Martz, 964 F.2d 787, 789 (8th Cir.), cert. denied, 506 U.S. 1038 (1992).

Here, the district court determined that the proposed cross-examination was not probative of untruthfulness as there was an insufficient foundation other than unsubstantiated accusations by employees.  The court allowed appellant's attorney to ask Welch whether she had ever stolen money from her employer, but refused to allow appellant to introduce the employees' letter as extrinsic evidence.  The district court did not abuse its discretion in limiting the cross-examination of Welch.

IV.

Appellant next takes issue with the district court's decision to allow Welch to provide testimony concerning the appellant's hunting knife, claiming the government had filed no charges relating to the knife and that this testimony was inadmissible "prior bad acts" evidence under Fed. R. Evid. 404(b).  According to Welch's testimony, after appellant forced her to take a shower and return to the kitchen, she observed the appellant's hunting knife on the kitchen table.  At this point, appellant renewed his verbal and physical assault.  Welch testified that the appellant berated her with comments, "go ahead and pick it up, use it against me," and that "he could take [her] out back and hog-tie [her] up and gut

[her] like a deer and kill [her] and nobody would know about it."  Welch further testified that when appellant was not looking she took the knife off the table and hid it on the seat of the kitchen chair.  This is where the knife was later discovered by the police.

We have previously approved admission of prior bad acts evidence where such evidence "relates to an integral part of the immediate context of the crime charged."  <u>United States v. Waloke</u>, 962 F.2d 824, 828 (8th Cir. 1992) (citation omitted).  Evidence of the earlier bad act is admissible where it is "so blended or connected, with the one on trial as that proof of one incidentally involves the other; or explains the circumstances; or tends logically to prove any element of the crime charged. . . .  In such a case the evidence of the other act is not considered extrinsic evidence and Rule 404(b) is not implicated."  <u>United States v. Bettelyoun</u>, 892 F.2d 744, 746 (8th Cir. 1989) (citation omitted).

Here, the evidence was admissible to explain Welch's intense fear, as well as her initial statements to her neighbors regarding the knife, and to provide insight into what motivated Welch to flee from the house naked in search of help.  Alternatively, we conclude the testimony was admissible under Rule 404(b) as evidence relevant to the issue of appellant's intent to cause bodily harm as required under 18 U.S.C. § 113(a)(3).  The court did not abuse its discretion in allowing Welch to testify regarding the knife.

V.

Finally, appellant argues there was insufficient evidence to sustain his conviction for assault with a dangerous weapon involving either the rock or the phone under 18 U.S.C. § 113(a)(3).  To sustain a conviction under § 113(a)(3), the government is required to prove:  1) that the victim was assaulted, 2) with the

use of a dangerous weapon, and 3) with the intent to inflict bodily harm. An assault is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

Appellant claims that even if Welch's story regarding the rock was believed, just standing above her holding onto a rock does not constitute assault with a dangerous weapon. Appellant, however, apparently disregards the allegations that just prior to the incident with the rock, appellant had physically attacked Welch with his fists and feet and knocked her down into a ditch where he continued to kick her and threaten her. Welch testified that she was afraid and thought the appellant intended to hit her with the rock. The evidence was sufficient to sustain the conviction regarding the rock.

Appellant also contends the physical and medical evidence proves no assault with the phone ever took place. According to appellant, Welch's own description of her injuries, the observation of her injuries by treating medical personnel and various police officials, and photographs of all her injuries identified to police, revealed a complete absence of any injury or complaint of injury consistent with the striking with the phone on the back of her head as she claimed.

Welch alleged that she was struck in the head with the phone as she showered and that the phone was then thrown in the bathtub. Upon investigation, the police discovered the phone in the bathtub in conformity with Welch's story. Further, 18 U.S.C. § 113(a)(3) requires only that the government present sufficient evidence that appellant assaulted the victim with an object <u>capable</u> of inflicting bodily injury, not that the victim actually suffered bodily injury as a result of the assault. The government's evidence was sufficient to sustain the conviction with respect to the phone.

VI.

Based on the foregoing, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.