# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4074

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Derrick Lamont Riddle, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 15, 1999

Filed:  September 23, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1] District Judge.

_____


BEAM, Circuit Judge.

Derrick Lamont Riddle appeals his conviction, after a jury trial, on two counts of drug trafficking in violation of 21 U.S.C. § 841.  He asserts that he was denied due process and a fair trial as a result of the cumulative effect of several trial errors.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

Specifically, Riddle asserts that the district court[2] erred in limiting his cross-examination of the government's key witness and in prohibiting him from presenting several witnesses who could testify on the key witness's reputation for truthfulness. We affirm.

## I.    BACKGROUND

The government's case against Riddle was premised on two controlled buys of crack cocaine by an undercover Arkansas State Police Investigator, Willie Robinson. Robinson was the government's only witness. Understandably, Riddle's defense strategy was to attack Robinson's credibility.

To that end, Riddle filed a motion for production of exculpatory evidence in police files, including information regarding "prosecutions [that had been] dismissed because of the perceived unreliability or mistakes of Investigator Robinson" as well as Robinson's complete personnel file. Riddle also moved to sequester Robinson, who had been designated as the government's representative during the trial, from the courtroom except when testifying. The government filed a motion in limine to prevent Riddle from calling Robinson's former girlfriend, Carmen McMahan, to testify as to Robinson's truthfulness.

The district court granted in part, and denied in part, the motions. First, the district court found Robinson's personnel file to be inadmissible extrinsic evidence that related to the impeachment of a witness under Rule 608 of the Federal Rules of Evidence. It nevertheless ordered the government to advise Riddle in writing of any cases that had been dismissed due to Robinson's mistakes or unreliability as well as to advise Riddle of all disciplinary actions against Robinson that involved dishonesty,

---

[2]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

mishandling of funds or any other matter reflecting on truthfulness or trustworthiness. The court also denied Riddle's motion to sequester Robinson. Finally, it denied the government's motion to exclude Carmen McMahan but noted that while it would "permit defendant to elicit testimony from a few competent witnesses regarding Robinson's reputation or character for truthfulness or untruthfulness," it would not allow "a parade of witnesses for this purpose."

The case proceeded to trial and Riddle was allowed to cross-examine Robinson concerning several disciplinary actions and mistakes. Riddle also presented several witnesses who testified that Robinson had a reputation as a dishonest person who abused his position as a police officer. Carmen McMahan testified that Robinson forged her father's name on a car title, stole evidence and "buy money," and lost large sums of money gambling. The jury returned a verdict of guilty on both counts.

## II.    DISCUSSION

We review a trial court's discovery orders very narrowly and uphold the district court's discovery orders unless there was a "gross abuse of discretion resulting in fundamental unfairness in the trial of the case." Wilson v. Beloit Corp., 921 F.2d 765, 768-69 (8th Cir. 1990). The government was ordered to, and did, disclose information to Riddle that related to Robinson's veracity. There has been no assertion or showing that the government did not respond in good faith to the district court's order. Riddle was permitted to, and did, question Robinson on cross-examination about the incidents that the government had disclosed. We have reviewed the record and we find no abuse of discretion in the district court's handling of the pretrial motions.

A motion to sequester witnesses is similarly reviewed under an abuse of discretion standard "and should not normally be disturbed on appeal." United States v. Sykes, 977 F.2d 1242, 1245 (8th Cir. 1992). Federal Rule of Evidence 615 provides that witnesses may be excluded from hearing the testimony of other witnesses. See id.

-3-

Corporate officers or employees designated as representatives are exceptions to this rule. See id; Fed. R. Evid. 615(2). The exception has been interpreted to allow government case agents to sit at counsel table throughout the trial. See Sykes, 977 F.2d at 1245. In any event, in order to show an abuse of discretion, Riddle would have to show that he was prejudiced by Robinson's presence in the courtroom. See id. Riddle argues that Robinson was able to anticipate Riddle's defense and tailor his testimony accordingly because he had not been ordered from the courtroom. Riddle had already telegraphed that Robinson's credibility would be a crucial element in the defense when he moved for the production of documents dealing with Robinson's reputation for veracity. We agree with the district court that Riddle has shown no compelling circumstance that would require Robinson's sequestration. We find no abuse of discretion.

Next, Riddle contends that the district court improperly barred cross-examination of Robinson on issues relating to trustworthiness and refused to allow Riddle to present evidence on the issue. Federal Rule of Evidence 608(b) gives the court wide discretion to allow questioning during cross-examination on specific bad acts if those acts concern the witness's credibility. See United States v. LeCompte, 108 F.3d 948, 951 (8th Cir. 1997). However, Rule 608(b) forbids the use of extrinsic evidence to prove that the specific bad acts occurred. See id.; Fed R. Evid. 608(b). This is to avoid holding mini-trials on peripheral or irrelevant matters. See LeCompte, 108 F.3d at 951. We have reviewed the record and find that the district court gave Riddle wide latitude to pursue the issue of Officer Robinson's credibility. Numerous specific incidents relating to Robinson's alleged dishonesty that had previously been ruled inadmissible by the district court were in fact allowed into evidence as a result of the opposing side "opening the door" to the questioning. We find that Riddle was allowed to adequately present his defense.

Riddle asserts several other errors and contends that the cumulative effect of these errors rendered his trial unfair. We may reverse where the case as a whole

presents an image of unfairness that has resulted in the deprivation of a defendant's constitutional rights, even though none of the claimed errors is itself sufficient to require reversal.  See United States v. Steffen, 641 F.2d 591, 598 (8th Cir. 1981).  We have reviewed the record and find that this is not such a case.  We have considered Riddle's remaining arguments and find them lacking in merit.

## III.  CONCLUSION

For the reasons set forth, the judgment of the district court is affirmed.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.