# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1646

_____

Roesevelt Hayes,                              *
                                             *
              Appellant,                     *
                                             *    Appeal from the United States
       v.                                    *    District Court for the
                                             *    Eastern District of Arkansas.
R. Clark, CO-I, Maximum Security             *
Unit, Arkansas Department of                 *         [UNPUBLISHED]
Correction; Henrine Joyner, Registered       *
Nurse, Maximum Security Unit,                *
originally sued as H. Joyner; Greg           *
Harmon, Warden, Maximum Security             *
Unit, Arkansas Department of                 *
Correction,                                  *
                                             *
              Appellees.                     *

_____

Submitted:  November 19, 2001
Filed:  November 23, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Roesevelt Hayes appeals from the district court's[1] judgment for defendants following a bench trial in his 42 U.S.C. § 1983 action. Hayes alleged that he was assaulted by a correctional officer and denied adequate medical care by the prison nurse for his resulting injuries. Having reviewed the district court's factual findings for clear error and its legal conclusions de novo, see Cooper Tire & Rubber Co. v. St. Paul Fire & Marine Ins. Co., 48 F.3d 365, 369 (8th Cir.), cert. denied, 516 U.S. 913 (1995), and mindful that it was the district court's function as factfinder to resolve conflicting testimony and to make credibility findings, see United States v. Wicker, 80 F.3d 263, 268 (8th Cir. 1996), we affirm. Based on the testimony the court credited, the correction officer simply responded to Hayes's attack on him, and the prison nurse properly attended to Hayes. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Nor did the court abuse its discretion in denying certain discovery motions, see United States v. Riddle, 193 F.3d 995, 997 (8th Cir. 1999), and requests for subpoenas, see Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993).

Hayes also appeals the district court's earlier grant of summary judgment to Warden Harmon. Upon de novo review, see Larson v. City of Fergus Falls, 229 F.3d 692, 696 (8th Cir. 2000), we conclude summary judgment was proper. After considering Hayes's response, the district court correctly concluded that Hayes had failed to produce any evidence showing that Harmon was directly involved in the incident, had notice that training procedures were likely to result in a constitutional violation, or had reason to believe that the correction officer involved in the incident posed any danger to Hayes. See Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996).

---

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.