# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3581

_____

United States of America,

            Appellee,

    v.

Robert Leonard Wood, Jr., also
known as Robert L. Wood, Jr.,

            Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: March 15, 2006
Filed: March 22, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

After Robert Leonard Wood tried to board a commercial flight while wearing a belt buckle with a concealed knife, the Government charged Wood with attempting to board an aircraft with a concealed weapon. See 49 U.S.C. § 46505(b)(1). At trial, an expert witness for the government testified the belt buckle knife was a dangerous offensive weapon called a "push dagger" and sold through sources such as "Soldier

of Fortune" magazine. A jury convicted Wood, and the district court[*] sentenced him to five years of probation.

On appeal, Wood contends the district court committed error in refusing to excuse a juror whose father had died the night before deliberations started. Although the juror indicated to the court that he needed to catch a flight at noon to attend the funeral, the juror stated he was ready and willing to deliberate. The court stated he would allow the juror to depart for the funeral at noon and proceed with an eleven member jury if the jury had not reached a verdict by that time. Neither the court nor the juror conveyed the plan to the jury, however. Wood's assertion that the jury rushed to judgment to accommodate the bereaved juror is pure speculation. The jury was silent during deliberation and returned a guilty verdict before the juror's situation became a conflict. The jury's quick verdict alone does not indicate the jury felt coerced. United States v. Aldridge, 413 F.3d 829, 833 (8th Cir. 2005).

Wood also argues the court should not have limited his cross-examination of the government witness. After the defense questioned the witness about eight different government grants, the district court sustained the government's objection to continued questioning about grants. The court allowed the defense to show the potential for bias, and did not abuse its discretion in limiting cross examination that was repetitive. See United States v. Drapeau, 414 F.3d 869, 875 (8th Cir. 2005).

Woods next asserts the evidence was insufficient to convict him. We disagree. To obtain a conviction under § 46505(b)(1), the Government had to prove Wood attempted to board an aircraft, Wood had a concealed dangerous weapon on his person, and the weapon would have been accessible to Wood during the flight. United States v. Schier, No. 05-11838, 2006 WL 225247, at * __ (11th Cir. Jan. 31, 2006).

---

[*]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

The evidence showed Wood was acting strangely when entering the airport's screening area, set off alarms twice while walking through the metal detectors, set off the hand wand, held his hand over the knife in a suspicious manner when asked to unbuckle his belt, acted defiantly when caught, misrepresented he was in the military, remembered to leave another utility knife at home because he knew it was a prohibited item, and failed to heed the numerous warning signs throughout the airport. Thus, contrary to Wood's assertion, the evidence showed he acted willfully or knowingly.

Last, we reject Wood's last argument that cumulative effect of the trial errors requires appellate relief. We cannot say "the case as a whole presents an image of unfairness that has resulted in the deprivation of [Wood's] constitutional rights, even though none of the claimed errors is itself sufficient to require reversal." United States v. Riddle, 193 F.3d 995, 998 (8th Cir. 1999).

We thus affirm Wood's conviction.

_____