GRUENDER, Circuit Judge,
dissenting.
The Court contends that because sequestration orders are meant to prevent witnesses from tailoring their testimony to that of other witnesses, “it would be illogical to hold that Agent McMillan, excluded from the courtroom pursuant to a sequestration order, could wait outside the courtroom doors and then discuss with Agent Huber the testimony which Agent Huber had just given.” Ante at 878. It is not illogical in this case, however, because neither Rule 615 nor the district court’s sequestration order prohibited such out-of-court contact, and, even if it did, Special Agent Huber was the Government’s designated ease agent. Rule 615 does not prohibit a designated case agent, even one who testifies in the case, from conferring with another witness, and to conclude otherwise reads into Rule 615 a limitation on case agent conduct that simply does not exist. Finally, even if the alleged out-of-court contact might be viewed as improper, the district court was within its discretion to find that Engelmann failed to present sufficient evidence to require a hearing. Therefore, I respectfully dissent.
Based on his brief and his counsel’s statements at oral argument, Engelmann’s sole argument on appeal is that the out-of-court conversation between Special Agents Huber and McMillan violated Rule 615 and the district court’s sequestration order.[2] Even assuming that the two agents conferred as suggested to the district court in a telephone call, neither Rule 615 nor the court’s sequestration order was violated. In the absence of a potential violation of Rule 615, or the sequestration order, or any other articulated theory for relief, a remand for a hearing is unnecessary.
Rule 615 requires only that witnesses be “excluded so that they cannot hear other witnesses’ testimony.” Fed.R.Evid. 615. We traditionally have read sequestration orders that invoke Rule 615 narrowly, interpreting them to reach only actual courtroom presence of witnesses. See, e.g., United States v. Collins, 340 F.3d 672, 681 (8th Cir.2003) (holding that pre-testimony conversations between two sequestered witnesses did not violate the court’s se *880 questration order); United States v. Smith, 578 F.2d 1227, 1285 (8th Cir.1978) (holding that Rule 615 was not violated when a police officer took notes during the trial and relayed them to witnesses waiting to testify because the sequestration order was limited to 'witnesses’ exclusion from the courtroom). While a district court under some circumstances may have discretion to enter a broader sequestration order, see United States v. Kindle, 925 F.2d 272, 276 (8th Cir.1991), the district court did not do so here, see Engelmann, 827 F.Supp.2d 985, 992 (S.D.Iowa 2011) (explaining “the Court’s sequestration order merely excluded witnesses from the courtroom”), and such a broad order is not required to comply with Rule 615, see Kindle, 925 F.2d at 276; see also United States v. Calderin-Rodriguez, 244 F.3d 977, 984 (8th Cir.2001) (“Rule 615 does not require [the] court to forbid contact between [a] DEA case agent and witness during trial.”) (citing Kindle, 925 F.2d at 276).[3] In fact, we have said that Rule 615 “does not authorize trial courts to prevent executive branch officials from conferring with their witnesses.” United States v. Stewart, 878 F.2d 256, 259 (8th Cir.1989).
Here, Engelmann’s allegations, as reflected in the telephone conversation between courtroom observer Richard McNamara and the district court, fall well short of a potential violation of Rule 615 or the district court’s seqúestration order. An alleged out-of-court conversation between Special Agents Huber and McMillan, by itself, is insufficient to constitute a violation of either Rule 615 or the court’s sequestration order. Engelmann makes no allegation that Special Agent McMillan was present in the courtroom or directly overheard Special Agent Huber’s testimony. He argues only that an out-of-court discussion between Special Agents Huber and McMillan potentially involving trial testimony is a violation of Rule 615 and the district court’s sequestration order. That argument, however, is inconsistent with our narrow view of Rule 615, and the Court’s discussion of Stewart, Collins, and Smith, ante at 6, does not explain how they support a contrary conclusion.[4] The Court attempts to overcome this hurdle by arguing that “[t]he allegations in Engel *881 mann’s case effectively place Agent McMillan in the courtroom during Agent Huber’s testimony.” Ante at 878 n.l (emphasis added). However, the concept of “effective presence” is found nowhere in the text of Rule 615 and is not supported by precedent.
Moreover, even under the Court’s more expansive view that Rule 615 and the sequestration order applied to out-of-court contact between witnesses, I still would not find a violation because Special Agent Huber was the Government’s designated case agent. Rule 615 “does not authorize excluding ... an officer or employee of a party that is not a natural person, after being designated as the party’s representative by its attorney.” Fed.R.Evid. 615(2). In the criminal prosecution context, the Government routinely designates a member of law enforcement who is familiar with the case as its “case agent” to serve as the Government’s representative. This case-agent exception to Rule 615 ensures fairness and accuracy in courtroom proceedings. See, e.g., 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence, § 6242 (1997) [hereinafter Wright & Gold]. As the Advisory Committee Notes explain:
The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in — he always has the client with him to consult during the trial. The investigative agent’s presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.
Fed.R.Evid. 615, Advisory Committee Notes.
Thus, it is accepted that the case-agent exception permits the case agent to sit at the counsel table throughout trial, United States v. Riddle, 193 F.3d 995, 997 (8th Cir.1999), and testify in court despite the agent’s presence during other witnesses’s testimony, even if a sequestration order is in place, United States v. Sykes, 977 F.2d 1242, 1245 (8th Cir.1992). Additionally, given that it is “commonplace” for an attorney to conduct out-of-court consultations with clients and witnesses during the course of trial, see Wright & Gold § 6243, it is illogical that a standard sequestration order could be read to prohibit a designated case agent from assisting in trial preparation, including meeting and conferring with witnesses.[5] As the district court explained, its sequestration order “did not prohibit attorneys or SA Huber from meeting with a witness during trial.” Engelmann, 827 F.Supp.2d at 988. The Court, however, overrides the district court’s understanding of its own order. Instead, the Court would force a testifying case agent to conduct meetings with other witnesses in an artificial setting in which *882 his own testimony — or that of other witnesses who have testified — did not exist. Such a conclusion undermines the reasons behind the case-agent exception.
As discussed above, in his brief to this court Engelmann failed to articulate any other theory-upon which relief might be available to him beyond an alleged violation of Rule 615 and the district court’s sequestration order. Even if he had articulated some other theory, the district court was within its discretion to find that Engelmann failed to present sufficient evidence to require a hearing. The record contains only a letter from the district court informing the parties of a telephone call it received regarding a conversation between people that the court “assume[d]” to. be Special Agents Huber and McMillan.[6] After the district court’s letter put the parties on notice of the alleged out-of-court conversation between the agents, Engelmann failed to present a sworn statement or any other evidence to verify the matters raised in the phone call, much less to support “specific allegations that Agent Huber directly disclosed details of his earlier testimony to Agent McMillan before Agent McMillan testified.” Ante at 878. Nothing in the letter suggests that Engelmann would have had any difficulty obtaining such an affidavit. The letter informed the parties of the trial observer’s identity, Richard McNamara, and stated that when “Mr. McNamara was asked his connection to the trial ... he said that his wife and Engelmann’s wife are friends.” The Court does not explain why an unverified telephone call from an unsworn observer should be sufficient evidence to compel a hearing, especially where Engelmann apparently did nothing to create a record.
A district court has “wide discretion” in determining whether to grant an evidentiary hearing, United States v. Baker, 479 F.3d 574, 579 (8th Cir.2007) (quoting United States v. Preciado, 336 F.3d 739, 747 (8th Cir.2003)), and we review a district court’s decision on whether to grant such a hearing for an abuse of discretion, see Preciado, 336 F.3d at 747. I find no abuse of discretion here. In fact, if the evidence presented here were sufficient to require an evidentiary hearing, the case-agent exception to Rule 615 would be eviscerated by routine post-trial fishing expeditions into the contents of a case agent’s out-of-court contact with witnesses.
To be sure, the primary purpose of sequestration orders is “to prevent witnesses from tailoring their testimony to that of prior witnesses.” See United States v. Collins, 340 F.3d 672, 681 (8th Cir.2003). However, the allegations here, even taken at face value, establish no violation of either Rule 615 or the district court’s sequestration order in this case, and there is no competent evidence to support the allegations that were made. Engelmann does not articulate any other theory that could entitle him to relief. Therefore, there is no basis to remand for a hearing. Because the Court concludes otherwise, I respect *883 fully dissent from this limited remand, would affirm the district court’s decision on this issue, and would proceed to the other matters raised in Engelmann’s appeal.

. The Court notes that before the district court Engelmann argued that the out-of-court conversation also violated his right to a fair trial and to effective assistance of counsel. Ante at 876. There is no reference to ineffective assistance of counsel, denial of a fair trial, or any other additional ground for relief anywhere in Engelmann's brief on appeal. Therefore, those issues are waived. See United States v. Miller, 588 F.3d 560, 567 (8th Cir.2009). In addition, Engelmann specifically disclaimed any potential prosecutorial misconduct argument with respect to the prosecutor's closing argument. Oral Arg. at 36:04-36:08. Moreover, to the extent he has an ineffective assistance of counsel claim, it would better be brought under 28 U.S.C. § 2255. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir.2003).

. The Court cites some of these cases for the proposition that "[w]e implicitly have recognized that sequestration violations are not limited to situations where a witness is present in the courtroom while another witness is testifying.” Ante at 878. (citing United States v. Vallie, 284 F.3d 917, 921 (8th Cir.2002); Kindle, 925 F.2d at 276). In each of those cases, however, we never reached the issue of whether there was a violation of the district court’s sequestration order because we concluded that there was no evidence that any conversations resulted in tailored testimony or in prejudice to the defendant. See Vallie, 284 F.3d at 921; Kindle, 925 F.2d at 276.

. Other circuits similarly have read Rule 615 as a mere limitation on witnesses’ presence in the courtroom, absent a broader sequestration order. See, e.g., United States v. Rhynes, 218 F.3d 310, 316 (4th Cir.2000) (en banc) (Rule 615 "serves only to exclude witnesses from the courtroom”); United States v. Sepulveda, 15 F.3d 1161, 1176 (1st Cir.1993) ("Rule 615 contemplates a small[] reserve; by its terms, courts must ‘order witnesses excluded' only from the courtroom proper.”). The Court attempts to distinguish these cases on the grounds that neither case deals with a situation where the "allegations ... effectively place [a witness] in the courtroom during [a case agent’s] testimony.” Ante at 878 n.l. If, however, the Court’s purported concern is a sequestered witness's “effective presence” in the courtroom, that concern is equally present in situations like those in Rhynes and Sepulveda. In fact, the court in Rhynes expressly rejected any argument that the " 'purpose and spirit’ of the sequestration order were compromised” when a defense attorney discussed the contents of a government witness’s testimony with a defense witness who had yet to testify. Rhynes, 218 F.3d at 317-18.

. At least one other circuit also has concluded that Rule 615 permits a designated case agent to sit at the counsel table during the testimony of other witnesses and to aid in trial preparation. See United States v. Phibbs, 999 F.2d 1053, 1073 (6th Cir.1993) (explaining that the terms of Rule 615 do not bar discussion between the government’s case agent-witness and another witness in the absence of a court order that the case agent not “discuss the case with any other witnesses’’). In contrast, the Court cites no precedent for its implicit conclusion that Rule 615 alone prohibits a designated case agent from discussing trial testimony with a witness. Of course, the fact and contents of such a discussion — -and whether it amounted to improper coaching of the witness — properly would be the subject of cross-examination by the defense. Id. (citing Geders v. United States, 425 U.S. 80, 89-91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976)).

. In the letter the district court explains that the caller:
did not mention the agents by name but said one of them was the "good looking guy sitting at the prosecution table” during the trial; thus I assume he was talking about Special Agent Huber.... [The observer] said that the court called a “normal recess” and that during the recess, SA Huber went into the hallway and was joined by the other FBI agent whom SA Huber had identified during his testimony as his partner/associate agent in the Engelmann investigation; I assume this was Special Agent McMillan. [The observer] said another gentleman joined the two agents, but [he] did not know the third gentleman’s role in the case but "would recognize him” if he saw him.